KEHOE, Judge.
This is an appeal by defendants, Eduardo Ochoa and Iowa Mutual Insurance Company (Iowa Mutual), of a final judgment awarding damages to appellee Fernando Lopez, plaintiff below, in a personal injury action arising from an automobile accident. The accident occurred when four young men were traveling home to Miami from college in North Carolina. Lopez was riding as a passenger in his own car at the time of the accident. His car was being driven by Ochoa whose negligence in causing the accident was uncontested at trial. Iowa Mutual was Lopez’s insurer. The only issues presented by this appeal concern the propriety of the damage award and the liability of Iowa Mutual for personal injury protection (PIP) benefits under the policy it had issued to Lopez.
Appellants contend that the trial court committed prejudicial error in instructing the jury that it could consider, as an element of appellee’s damages, his claim for loss of ability to earn money in the future. Appellants argue that the amount of the damages awarded for loss of future earnings was based on speculative evidence. A careful review of the record reveals that this argument is without merit. In our opinion, there was substantial competent evidence adduced at trial to support the .jury’s verdict; therefore, the award was not based on speculative evidence.
Appellants also contend that the trial court erred in directing a verdict awarding PIP benefits to appellee under Florida law. The Florida Automobile Reparations Reform Act mandates that every motor vehicle which is required to be registered in Florida must be covered by an insurance policy' which provides PIP benefits. See Section 627.731, .733, and .736, Florida Statutes (1975). The Motor Vehicle Licenses Law, Section 320.02(1), Florida Statutes (1975), requires every owner of a motor vehicle operated or maintained in this state to apply for registration of that vehicle in Florida. Therefore, the central issue determinative of Iowa Mutual’s liability for PIP benefits was whether the Lopez car was required to be registered in Florida.
The evidence showed that the vehicle was purchased, registered and licensed in North Carolina, and, until the day of the accident, had been driven primarily in North Carolina. The policy was issued in that state. It contained no provision for PIP coverage, nor was a premium charged for it. Although Lopez was a temporary resident of North Carolina, he held a Florida driver’s license and was a permanent resident of Miami, Florida.
The issue of whether the Lopez car was required to be registered in Florida presented questions of fact not resolvable pursuant to a motion for a directed verdict. A directed verdict should not be entered if the evidence permits different reasonable inferences. Riccio v. Allstate Insurance Co., 357 So.2d 420 (Fla. 3d DCA, opinion filed March 14,1978). Therefore, we reverse the directed verdict, and remand the case to the trial court with directions to try the narrow issue of whether the vehicle was required to be registered in Florida.
Affirmed in part, reversed in part, and remanded with directions.