363 So.2d 1168 (1978)
INDUSTRIAL FIRE AND CASUALTY INSURANCE COMPANY, Appellant,
v.
Calvin JONES, Appellee.
No. 77-2548.
District Court of Appeal of Florida, Third District.
November 7, 1978.
*1169 Goodhart & Rosner, Greene & Cooper and Sharon L. Wolfe, Miami, for appellant.
Sam Bloom, Miami and David C. Arnold, Coral Gables, for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PEARSON, Judge.
Industrial Fire and Casualty Insurance Company was defendant in the trial court where it suffered a summary final judgment in favor of the appellee, Calvin Jones. The judgment held as a matter of law under undisputed facts that Calvin Jones was entitled to personal injury protection benefits under a policy which had been issued to Jones' stepfather. We reverse upon a holding that the trial court incorrectly determined the applicable law and that defendant Industrial Fire and Casualty Insurance Company, as a matter of law, is entitled to a summary judgment in its favor.
The plaintiff, Calvin Jones, lived with his mother and his stepfather. Industrial insured a car owned by the stepfather, but a car owned by plaintiff's mother was not insured under the Industrial policy. The plaintiff was injured in an automobile accident while driving his mother's car. He claimed PIP benefits from Industrial, but Industrial denied the claim on the ground that the claim was barred by a specific exclusion in the policy.
All of the above facts were admitted. The trial court could have entered summary judgment for the plaintiff only upon a holding that the exclusion in Industrial's policy which, on its face, would exclude recovery was an illegal exclusion. The exclusion was as follows:
"(g) under coverage C [Personal Injury Protection] to the named insured or any relative while occupying a motor vehicle of which the named insured is the owner and which is not an insured motor vehicle under this insurance."
The insurance company claims that this policy exclusion was specifically authorized by Section 627.736, Florida Statutes (1977), which provides:
"(2) AUTHORIZED EXCLUSIONS.  Any insurer may exclude benefits:
(a) For injury sustained by the named insured and relatives residing in the same household while occupying another motor *1170 vehicle owned by the named insured and not insured under the policy ..."
We have previously held a similar exclusion valid in Fidelity & Casualty Company of New York v. Fonseca, 358 So.2d 569 (Fla.3d DCA 1978). We need not repeat the reasoning of that opinion here but would simply point out that the same reasoning is applicable to the question of the validity of the exclusion that the trial judge held to be invalid in the present case.
The plaintiff recognizes the authority of the above case but urges that the decision overlooks a provision of the Florida Statutes which makes the exclusion in the present case invalid. Accordingly, the plaintiff urges that Industrial's policy does not conform to statutory requirements because the definition given in the policy for "named insured" varies from the definition provided by the Florida Automobile Reparation Reform Act, Section 627.730, et seq., Florida Statutes (1977), where Section 627.732, Florida Statutes (1977), defines "named insured" as follows:
"As used in ss. 627.730  627.741:
* * * * * *
(3) `Named insured' means a person, usually the owner of a vehicle, identified in a policy by name as the insured under the policy."
It is suggested that because the wording of Industrial's policy includes the policyholder "or spouse" as the named insured and because the spouse's actual name is not given, such a definition of named insured violates and broadens the last quoted section of the above statute.
We hold that such an interpretation of the statute is improper and that a person described as a spouse of a policyholder may properly be included as a named insured even though the given name and surname of such spouse are not stated in the policy.[1] We think this interpretation is necessary to preserve the intentions of the act and that any other interpretation would bring about the ridiculous result of allowing the insurance of one automobile and the coverage on several unnamed automobiles. See Fidelity & Casualty Company of New York v. Fonseca, 358 So.2d 569 (Fla.3d DCA 1978).
Accordingly, the summary final judgment appealed is reversed and this cause is remanded with directions to enter a judgment for defendant Industrial Fire and Casualty Insurance Company.
Reversed and remanded.
NOTES
[1] We believe it worth noting that as a practical matter an insurance company may include as a named insured a policyholder's "spouse" (as a category) instead of an actual spouse's name (that is, a particular person within the "spouse" category) for the simple reason that a policyholder (especially in this day and age) is not apt to have the same spouse at any given point in time. As a result, the actual name of the policyholder's spouse is not a necessary prerequisite under the statutory requirement.