NESBITT, Judge.
This is the second appearance of this case before this court. In Ochoa v. Lopez, 358 So.2d 1173 (Fla. 3d DCA 1978), a directed verdict in favor of Lopez was reversed with directions to try the narrow issue of whether the vehicle owned by him and insured under the policy was required to be registered in Florida.
Following remand, Lopez filed an amended complaint to join the appellee, Fidelity & Casualty Company of New York (Fidelity), in order to seek, in the alternative, personal injury protection (PIP) benefits as a relative under a policy issued to his step-father, Waldo I. Rodriguez. Fidelity moved for and was granted summary judgment and this appeal ensued.
It is undisputed that Rodriguez owned an automobile registered in Florida covered under a policy issued by Fidelity which afforded PIP benefits. Fidelity is not in a position to contend that Lopez may not qualify for coverage under Rodriguez’ policy because Section 627.736(4)(d), Florida Statutes (1979), in pertinent part, provides:
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occu *681 pant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.

3. Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1. or subpara-graph 2., provided the relative at the time of the accident is domiciled in the owner’s household and is not himself the owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741.
Fidelity urges that Lopez was not injured “while occupying a motor vehicle” under the cited statute and therefore seeks to invalidate Rodriguez’ PIP benefit coverage.
We reject this contention for the same reasons announced in Ochoa v. Lopez, supra, and reverse the grant of summary judgment in favor of Fidelity with directions to try the narrow issue of whether the vehicle owned by Lopez was required to be registered in Florida.
Next, Fidelity contends that coverage is negated under the exclusionary provisions of Section 627.736(2)(a) which provides:
(2) Authorized exclusions. — Any insurer may exclude benefits:
(a) For injury sustained by the named insured and relatives residing in the same household while occupying another motor vehicle owned by the named insured and not insured under the policy or for injury sustained by any person operating the insured motor vehicle without the express or implied consent of the insured.
While we held this exclusion valid in Industrial Fire and Casualty Insurance Company v. Jones, 363 So.2d 1168 (Fla. 3d DCA 1978), it is not applicable in the present case because Rodriguez did not own the vehicle occupied by Lopez.
Lopez also appeals from the denial of his motion for partial summary judgment in which he sought to have it determined that he was a relative of Rodriguez and an occupant of the motor vehicle. Since this feature of the case is undisputed, Lopez’ motion for partial summary judgment should have been granted.
For the foregoing reasons, the orders denying Lopez’ partial summary judgment and granting final summary judgment in favor of Fidelity are reversed and remanded for further proceedings.