PER CURIAM.
Willie C. Sturgis, claimant in an action to determine insurance coverage, appeals from a final summary judgment entered in favor of Fortune Insurance Company. We reverse.
On July 30, 1983, the claimant was injured in a car accident while operating a motor vehicle owned by his wife, Joan Stur-gis, and insured by Fortune. The claimant filed a claim under his wife’s policy for payment of medical expenses and wage *1273 loss resulting from the accident. After Fortune refused to pay, the claimant filed an action seeking damages, attorney’s fees and costs. Fortune filed an answer and affirmative defenses alleging that the claimant was not covered under the insurance policy issued to his wife and that its liability, if any, was subject to the terms and exclusions contained in that insurance policy.
Both parties filed motions for summary judgment. They stipulated that, at the time of the accident, the claimant was the spouse of Joan Sturgis, he resided in the same household as Joan Sturgis, and he owned a motor vehicle with respect to which security was required. The trial court entered an order denying the claimant’s motion for summary judgment, granting Fortune’s motion for summary judgment, and reserving jurisdiction to assess costs against the claimant. The claimant then filed a timely notice of appeal.
We agree with the claimant that the court erred in granting summary judgment in favor of Fortune. The insurance policy issued to the claimant’s wife provides coverage to “the named insured or any relative while occupying a motor vehicle.” “Named insured” is defined as “the person or organization named in the declarations of the policy and if an individual shall include the spouse if a resident of the household.” As the spouse of Joan Sturgis and a resident of her household, the policy specifically included the claimant as a named insured entitled to coverage. Since we do not find any ambiguity, waiver, estoppel, or contravention of public policy in these provisions, we must enforce the insurance contract as written. United States Fire Ins. Co. v. Morejon, 338 So.2d 223 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 426 (Fla.1977).
Fortune argues that the insurance contract itself specifically excludes the claimant through a clause that provides as follows:
This Part 2 does not apply:
6. to any person, other than the named insured, if such person is the owner of a motor vehicle with respect to which security is required under the Florida Automobile Reparations Reform Act.
Fortune also contends that the claimant is excluded from coverage under the policy by section 627.736(4)(d)4, Florida Statutes (1983), which requires the insurer of the owner of a motor vehicle to provide personal injury protection benefits for accidental bodily injury incurred
by any other person while occupying the owner’s motor vehicle or, if a resident of this state, while not an occupant of a self-propelled vehicle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required under ss. 627.730-627.7405.
Fortune asserts that these contractual and statutory exclusions apply to the claimant because the claimant, at the time of the accident, owned a motor vehicle with respect to which security was required.
We reject that argument. Even though the claimant owned a separate vehicle with respect to which security was required, the contractual exclusion did not apply to him because, as the spouse of Joan Sturgis and a resident of her household, the policy specifically included the claimant as a named insured. The exclusion in the contract states that it applies “to any person other than the named insured.”
The statute, furthermore, does not act independently of the contract to exclude the claimant from claiming benefits as a named insured under his wife’s policy. The statute only provides for the minimal coverage required under Florida’s financial responsibility law. See Ins. Co. of N. America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla.1977). Once the requirements of the statute were met, the parties were free to contract between themselves as to any additional responsibility. Ins. Co. of N. America; Patton v. Lindo’s Rent-A-Car, Inc., 415 So.2d 43 *1274 (Fla. 2d DCA 1982). Therefore, the statute does not require the insurer to provide coverage where the injured person is himself the owner of a motor vehicle with respect to which security is required, but it does not prohibit the parties from contracting between themselves for such coverage.
We also disagree with Fortune’s argument that the statutory definition of “named insured” operates to exclude the claimant. The statute states that the named insured is “a person, usually the owner of a vehicle, identified in a policy by name as the insured under the policy.” § 627.732(3), Fla.Stat. (1983). Use of the word “usually” means that individuals other than the owner may be included as “named insureds” for insurance coverage. Additionally, a person described as a spouse of a policyholder may properly be included as a named insured even though the given name and surname of the spouse are not stated in the policy. Indus. Fire & Casualty Ins. Co. v. Jones, 363 So.2d 1168 (Fla. 2d DCA 1978). An insurance company may include a policyholder’s “spouse” categorically instead of setting forth the actual spouse’s name for the simple reason that a policyholder is not apt to have the same spouse at any given point in time. Consequently, the actual name of the policyholder’s spouse is not a prerequisite under the statutory requirement. Id. at 1170 n. 1.
If Fortune had intended to exclude spouses from its “named insured” coverage where the spouse owns a separate vehicle for which security is required, it was incumbent upon Fortune to phrase such an exception in clear and unambiguous language. See Hodges v. Nat’l Union Indem. Co., 249 So.2d 679 (Fla.1971). As the claimant is a named insured under his wife’s insurance policy, he is entitled to coverage for the damages he sustained while operating his wife’s vehicle. The trial court therefore erred in granting summary judgment in favor of Fortune, and we, accordingly, reverse.
REVERSED.
CAMPBELL, A.C.J., and SCHOON-OVER and LEHAN, JJ., concur.