508 So.2d 928 (1987)
Karen HANZO and Kim Mason
v.
LIBERTY MUTUAL INSURANCE COMPANY, et al.
No. CA-7096.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
*929 John G. Gomila, Jr., Mark E. Seamster, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee The Travelers Ins. Co.
Stephen L. Huber, Kristin H. White, Metairie, for defendant-appellant.
Charles A. Kronlage, Jr., New Orleans, for plaintiffs-appellees Karen Hanzo and Kim Mason.
Before BYRNES and ARMSTRONG, JJ., and PRESTON H. HUFFT, J. Pro Tem.
BYRNES, Judge.
Liberty Mutual Insurance Company (Liberty) appeals the trial court's award of $25,000 to Karen Hanzo and $8,500 to Kim Mason pursuant to uninsured motorists policies issued by Liberty. We affirm.
On October 28, 1982, Hanzo, Mason and a friend, Timothy Koen, were enjoying their second day of vacation in Hawaii when tragedy struck. After visiting the "Black Sand Beaches", the threesome set out in a rented jeep down a winding two-lane mountain road. Although there was conflicting testimony as to what happened next, Koen, the driver, apparently drove the jeep into an oncoming lane of traffic and, in swerving to avoid a collision, caused the jeep to leave the road and crash into a lava enbankment injuring Hanzo and Mason. The two women were treated for their injuries and returned home to New Orleans the next day.
Subsequently, Hanzo and Mason filed suit against Koen, a Louisiana resident, for personal injuries and damages they sustained as a result of the accident. Joined as defendants were Liberty, the plaintiffs' uninsured motorists carrier and Travelers Insurance Company (Travelers), the Hawaii "No-fault" insurer of the rented jeep.
Trial was held before a commissioner who found Koen negligent. The trial judge accepted the commissioner's report and awarded damages:
1. In favor of Hanzo and against Travelers and Koen, in solido, in the amount *930 of $2,213.18 for medical expenses and $142.95 in lost wages and against Liberty and Koen, in solido, in the amount of $25,000 for general damages.
2. In favor Mason and against Travelers and Koen, in solido, in the amount of $604.07 for medical expenses and against Liberty and Koen, in solido, in the amount of $8,500 for general damages.
By this appeal, Liberty asserts that the trial court erred by applying Hawaii law to determine the contractual liability of Travelers under its policy covering the car and its driver but applying Louisiana law to find Koen negligent and to determine Liberty's contractual liability under the uninsured motorists policies issued to Mason and Hanzo. Liberty argues that by applying the laws of both states to determine liability in the instant case, an anomolous result was reached whereby Koen and the jeep's insurer, Travelers, were relieved of tort liability under the Hawaii "No-Fault" law, while Koen was found liable under Louisiana law for his negligence and adjudged an underinsured motorist thereby triggering uninsured motorist liability under the Liberty policies.
Dealing first with the issue of which state's law should determine Traveler's liability, we refer to C.C. Art. 10 which provides that "[t]he form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed." In the present case, the Travelers insurance policy was issued in the state of Hawaii to Dollar-Rent-A-Car. The policy also contained the following endorsement:

The company will pay, in accordance with the Hawaii No-Fault Law no-fault benefits on account of incidental harm sustained by an eligible injured person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle. (emphasis added)
Additionally, the policy provided coverage as follows:

We will pay all sums the insured must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto. (emphasis added)
The terms of the Travelers policy plainly state that the insurer would pay both "no-fault" benefits and damage claims the insured must pay which fall within the scope of the "no-fault" insurance policy. In our opinion, the Travelers policy must be interpreted under the Hawaii "No-Fault" law to give full effect to this policy language and the intent of the parties.
Pursuant to the Hawaii "No-Fault" insurance system, an auto's insurer is obligated to pay reasonable medical expenses and lost wages to persons who suffer injuries in an insured vehicle. These so-called "no-fault" benefits are payable to these injured parties without regard to fault. Hawaii R.S. Sec. 294-2(10) and 294-4 (1985). The no-fault law also provides that if the medical component of the "no-fault" benefits does not exceed an established threshold amount, then the "[t]ort liability of the owner, operator or user of an insured motor vehicle ... is abolished." Hawaii R.S. Sec. 294-6 (1985)
In the present case, the threshold amount was $3,600 at the time of the accident. Hawaii R.S. Sec. 294-10(b) (1985). Because the medical expenses for Hanzo and Mason totalled $2,213.18 and $604.07, respectively, this threshold amount was not exceeded in either instance. Consequently, Koen escaped tort liability under the Hawaii no-fault system, and his insurer, Travelers, was held liable only for the "no-fault benefits" owed to Hanzo and Mason. Insofar as this outcome comports with the application of the Hawaii No-Fault law to the interpretation of the Travelers no fault insurance contract issued in Hawaii, we find no error in the trial court's ruling.
The second issue presented by Liberty is whether the trial court properly applied Louisiana law to find Koen negligent and declare him an underinsured motorist, thus establishing Liberty's liability under its uninsured motorists policies. Under the "interest analysis" approach to resolving *931 choice of law problems which was adopted by the Louisiana Supreme Court in Jagers v. Royal Indemnity Co., 276 So.2d 309 (La.1973), Louisiana law should be applied when this state has an interest in applying its law and the foreign state has none.
In the instant case, the underlying lawsuit involves two Louisiana residents suing another Louisiana resident. Additionally, the uninsured motorist policies in question were issued and delivered in Louisiana to Louisiana residents. Under these facts we cannot conceive of any interest which Hawaii might have in applying its law to determine Koen's tort liability or his status as an underinsured motorist. The only nexus between Hawaii and the principal parties to this suit is that the accident occurred there. Louisiana, on the other hand, has a significant interest in protecting its citizens from damage caused by the wrongful acts of othersregardless of where the tort occurs. Jagers, supra. Considering the strong interest Louisiana has in applying its law to compensate resident tort victims and the absence of any interest which Hawaii might have in a suit involving all non-residents, we conclude that the trial court properly applied Louisiana law to establish Koen's tort liability and status as an underinsured motorist.
Liberty also argues in brief that because the Travelers "no-fault" policy paid the medical expenses and lost wages claimed by Hanzo and Mason, Koen was, in fact, insured and therefore Liberty should not have been ordered to pay pursuant to its uninsured motorist coverage. This argument is without merit.
Liberty's uninsured motorist policies were issued to Mason and Hanzo in Louisiana and R.S. 22:1406(D) therefore dictates that the terms of these policies be governed by R.S. 22:1406 D(2)(b) which provides:
For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication.
In the present case, Koen was absolved of tort liability under the Hawaii "No-Fault" law and as a result, Travelers, under the terms of its policy, was only obligated to pay "no-fault" benefits which by definition exclude compensation for general damages. As the Travelers insurance coverage was less than the amount of damages claimed by Hanzo and Mason, we find that Koen was properly declared an uninsured motorist for the purpose of establishing Liberty's liability under the policies it issued to Hanzo and Mason.
For the above reasons, judgment of the trial court is affirmed. Cost of this appeal are to be borne by the appellant.
AFFIRMED.