DOMENGEAUX, Chief Judge.
This case arises from an automobile accident which occurred in Daytona Beach, Florida, on April 18, 1987. Plaintiffs, Durr and Sepalvado, were rear-ended by Robert Hendershott, allegedly a Michigan domiciliary driving a Michigan registered automobile. Plaintiffs are Louisiana domiciliaries who were travelling in Florida on the day of the accident.
Hendershott was not made a party to this suit. Rather, plaintiffs sued Durr’s uninsured motorist insurer, Champion Insurance Company. The cause of action was based on the premise that because Florida is a “no-fault” state, Hendershott is necessarily not subject to suit for tort liability under Florida law. Therefore, plaintiffs contend Hendershott must be considered an uninsured motorist for purposes of the Champion policy.
*271 Plaintiffs were granted summary judgment on the coverage issue. After reviewing the Florida Motor Vehicle No-Fault Law, Title 37, Insurance Code, Section 627.-730 et seq., we must reverse.
The judgment rendered by the trial court presupposes that the alleged tortfeasor, Hendershott, is covered by s. 627.733, the required security provision of the no-fault law. The record before us does not support that conclusion. Plaintiffs allege in their petition that Hendershott was a domiciliary of Michigan; they also allege that Hendershott’s car was registered in Michigan. No evidence was presented as to Hendershott’s insurance coverage.
The Florida no-fault law specifically applies only to owners of vehicles required to be registered in Florida, s. 627.733(1). A vehicle need not be registered in Florida unless it has been physically present within that state for more than 90 days during the preceeding 365 days, s. 627.733(2). The issue of whether Hendershott’s vehicle was required to be registered in Florida and therefore subject to the no-fault law is a question of fact which precludes summary judgment. See Lopez v. Fidelity & Casualty Co. of New York, 384 So.2d 680 (Fla.App. 3 Dist., 1980).
Plaintiffs rely on Hanzo v. Liberty Mutual Insurance Co., 508 So.2d 928 (La.App. 4th Cir.1987). That case involved Louisiana plaintiffs, a Louisiana tortfeasor, and an accident in Hawaii. The tortfeasor was driving a rental car insured in Hawaii and therefore subject to the Hawaiian no-fault law. After trial on the merits, plaintiffs recovered special damages from the Hawaiian coverage, as provided by the Hawaiian no-fault scheme. This result rendered plaintiffs underinsured for purposes of their Louisiana UM coverage, and general damages were awarded under that policy.
The question whether plaintiffs herein are uninsured or underinsured for purposes of the Champion UM policy cannot be answered until the trial court considers both the applicability of Florida’s no-fault law and the applicability of other Florida law, plus the provisions of any insurance policy held by Hendershott or the owner of the vehicle he was driving at the time of the accident.
For the above and foregoing reasons, the judgment of the trial court in plaintiffs’ favor is reversed and the case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED.