567 So.2d 175 (1990)
Deborah A. PIPER
v.
ALAMO RENT-A-CAR, INC.
No. 90-C-0888.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1990.
Kathleen W. Will, Metairie, for relator.
James C. Ferguson, Baton Rouge, for respondent.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Respondent, a Louisiana resident, instituted this action against relator, Alamo Rent-A-Car (Alamo), for damages allegedly sustained as the result of injuries received in an automobile accident in New Orleans, Louisiana. Relator is foreign corporation authorized to and doing business in the State of Louisiana. Defendant-driver is a resident of Washington, D.C., where she rented the automobile involved in the accident from relator. Liberty Mutual Insurance Company issued a "Business Auto Policy" to relator, with a $1,000,000.00 policy limit, which policy was delivered in Florida. Defendant-driver also took out a $10,000.00 liability policy at the time she rented the automobile.
The trial court granted respondent's motion for declaratory judgment as to whether Florida, Washington, D.C., or Louisiana should be applied to the case, ruling that Florida law is applicable. Relator claims the trial court's ruling was erroneous and that Louisiana law applies.
The issue presented is one of choice of law, or conflict of laws. At stake, according to respondent, is coverage under the $1,000,000.00 policy issued to relator in the State of Florida. Relator and its insurer, Liberty Mutual, maintain that the only insurance available is the $10,000.00 in coverage taken out by defendant-driver at the time she rented the automobile. Respondent *176 claims that under Florida law, the $1,000,000.00 coverage is available.
Respondent cites La.C.C. art. 15 (formerly La.C.C. art. 10) which states in pertinent part:
"The form and effect of public and private instruments are governed by the laws and usages of the places where they are passed or executed.
"But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect."
In Hanzo v. Liberty Mutual Insurance Company, 508 So.2d 928 (La.App. 4th 1987), the plaintiffs, two guest passengers in a rented jeep, were involved in an accident while vacationing in Hawaii. They filed suit in Louisiana against a third companion, the lessee-driver of the jeep. Plaintiffs and defendant were all Louisiana residents. Defendant was covered by a liability policy on the rented jeep which provided no-fault coverage "in accordance with the Hawaii No-Fault Law." Plaintiffs were also covered under the uninsured motorist provisions of their own insurance policies which had been issued and delivered in Louisiana. This court cited the law then contained in La.C.C. art. 10 to hold that coverage under the rental policy issued in Hawaii must be decided under Hawaiian law, while coverage under the plaintiff's own policies issued and delivered in Louisiana was to be determined under Louisiana law. We also held that under the "interest analysis" theory, the trial court had properly determined the tort liability of the defendant-driver under Louisiana law. Thus, the issue in Hanzo vis-a-vis the Hawaiian insurance policy concerned the effect to be given the policy provision, not the liability of the defendant-driver of the rental car.
Respondent, although not citing Hanzo, argues that La.C.C. art. 15 dictates that Florida law be applied to the facts of this case. It is clear that respondent's argument concerns, not coverage under the terms of the policy, but the vicarious tort liability of relator, Alamo Rent-A-Car. Respondent claims that under Florida law a lessor-owner of a rental car is liable for the tort of the lessee-driver. The Florida policy was issued to Alamo and it is the named insured. There does not appear to be a question as to whether the policy would cover Alamo if it is vicariously liable for the lessee-driver's tortit apparently would. Conversely, there does not appear to be a question as to whether the lessee-driver is an insured under the terms of the policyshe apparently is not, otherwise this writ would not be before us.
Under the "interest analysis" theory as set forth in Jagers v. Royal Indemnity Co., 276 So.2d 309 (La.1973), the issue of fault as it concerns the tortious act of the lessee-driver is to be determined according to Louisiana law. The accident occurred in Louisiana and the plaintiff resides in this state. The only connection Florida has with this litigation is an insurance policy issued and delivered there. Considering the "strong interest Louisiana has in applying its law to compensate resident tort victims," and the minimal connection Florida has to the litigation, Louisiana law governs the actual determination of liability as to the tortfeasor, and, it follows, the actual liability, if any, of relator, Alamo Rent-A-Car, and comparative fault or contributory negligence, if any, of the plaintiff-respondent. See Hanzo v. Liberty Mutual Ins. Co., supra.
It appears that under La.C.C. art. 15, Florida law must be applied to construe and interpret the Florida policy if there is any question as to whether the lessee-driver is an insured, or whether Alamo is covered for this accident. Also, this would be true in general for any questions requiring the construction and interpretation of the policy.[1]
*177 The judgment of the trial court simply declared that "the interest of Louisiana is best protected by applying Florida law." For the foregoing reasons we deny relator's writ insofar as the judgment of the trial court declares that Florida law be employed to construe and interpret the Florida insurance policy to determine, for example, whether the lessee-driver is an insured under its terms, or whether it provides liability coverage for Alamo if it is found vicariously liable for respondent's damages. We grant relator's writ and reverse the judgment of the trial court insofar as it declared that Florida law governs the determination of the tort liability of any party, or any other aspect of this case other than the interpretation and construction of the Florida policy.
WRIT GRANTED IN PART, DENIED IN PART.
NOTES
[1] Despite the second paragraph of La.C.C. art. 15, which provides an exception to the general rule of choice of law, the initial examination, i.e., interpretation and construction, of the policy to determine if it provides coverage for the accident must be done according to Florida law. If it is determined that it does provide such coverage, it can then be said that, particularly because this case involves rental cars and relator is licensed to and is doing business in the state of Louisiana, the "act" was "passed in [Florida] to have effect in [Louisiana]." Thus, insofar as the application of such policy coverage, it appears that under the exception Louisiana law would have to be applied. If, however, upon the initial examination of the policy it is determined that it provides no coverage, the issue is moot.