612 So.2d 894 (1993)
Susan LEVY, et al.
v.
Marshall T. JACKSON, et al.
No. 91-C-2424.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1993.
*895 David P. Salley, Edward J. Rivera, Sessions & Fishman, New Orleans, for defendants.
Philip C. Ciaccio, Jr., New Orleans, for plaintiffs.
Before BYRNES, WARD and JONES, JJ.

ON REHEARING GRANTED
WARD, Judge.
This court has previously issued a writ to consider State Farm's application which complained that the trial court erred denying State Farm's motion for summary judgment. After consideration of the application, this court held that Alabama law was applicable to the resolution of the dispute between those litigants who were residents and domiciles of Alabama. We granted rehearing to consider the choice of law issue, and to decide whether Respondent, Susan Levy, was correct in complaints that this court rendered an advisory opinion.
We adhere to our former opinion, Alabama law is applicable. We reject Respondent's claim of error. C.C.P. Art. 966 permits a partial summary judgment on the issue of liability, and therefore it is necessary to decide if there is a cause of action creating a liability. In other words, the choice of law question arises because this court must decide whether summary judgment was appropriate as to liability.
In essence, this is a suit by a guest passenger against the driver of an insured vehicle. In Louisiana a guest passenger may sue and recover from the host and his insurer if the host is guilty of ordinary negligence; in Alabama neither a host nor his insurer is liable for injuries sustained by a guest passenger unless the host's conduct is characterized as willful or wanton. In a Louisiana lawsuit, which law applies, the law of Louisiana where the accident occurred, or the law of Alabama where the automobile liability insurance policy was issued?
As far as this writ is concerned the operative facts are that Susan and Patrick Levy have brought suit on behalf of their minor daughter, Heather, claiming damages for injuries to Heather. Heather was injured in a two vehicle automobile accident on March 31, 1989 in New Orleans, Louisiana, when Heather's father, Patrick Levy, crossed through a red light and was struck by a vehicle owned by Marshall Jackson. Acting for Heather, Susan and Patrick Levy sued the owner of the second vehicle, Marshall Jackson, the driver, Joseph Holmes, and Marshall's insurance company, State Farm. Susan and Patrick, acting in that same capacity for Heather, sued Heather's father, Patrick Levy, and his insurance company, State Farm. They allege that Heather's injuries were caused by the combined negligence of Joseph Holmes and Heather's father, Patrick Levy, and that the accident occurred when Patrick Levy negligently drove through a red light at the intersection of Girod and Loyola streets. This writ only raises issues of Heather's and Susan's claim against Patrick Levy and his insurer, State Farm.
State Farm filed motions for summary judgment. The trial court denied the motion without giving reasons for the ruling. However, there is no issue of fact as concerns the domicile of the plaintiffs, issuance of the insurance policy and its contents, or state of registration of the Levy vehicle. The only question is one of law; and we can safely assume that the trial court found Louisiana's law applicable, not Alabama's.
Heather, Susan and Patrick Levy are residents and domiciliaries of Alabama. State Farm issued the insurance policy in Alabama, insuring a car that was registered in *896 Alabama, which was kept by Patrick Levy in Alabama. State Farm argues that there is no dispute as to these facts, and thus plaintiff's insurance coverage is governed by Alabama law. State Farm further argues that Heather Levy was a guest passenger in her father's car, and Alabama law provides that a guest passenger cannot sue a host driver for the driver's alleged negligence. Therefore, State Farm claims it is entitled to judgment as a matter of law.
In opposition to the motion for summary judgment, plaintiffs argued that there are genuine issues of material fact; that the law of Louisiana governs the issue of liability of the host driver; that the Louisiana Compulsory Motor Vehicle Liability Security Law (L.S.A.R.S. 32:861 et seq.) applies, and that law indicates that clauses which eliminate coverage to victims injured as a result of the negligence of a motor vehicle operator are against public policy and such clauses should be nullified. Plaintiffs further argued that there is a question of whether the other defendants have sufficient coverage. If not, plaintiffs contend that the uninsured motorist provision of the State Farm policy would extend coverage to plaintiffs.
Alabama law is applicable. A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. Restatement, Second, Conflict of Laws, Section 6 (1969).
Art. 3544 means that Alabama law is applicable. La.C.C. Art. 3542 et seq. is relevant only to delictual and quasi-delictual obligations, delictual meaning obligations imposed by C.C. Art. 2315 and it directs application of Louisiana law. Art. 3543 provides that issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct occurred (Louisiana in this case), Art. 3544 provides that issues of loss distribution and financial protection and loss are governed, as between a person injured by an offense and the person who caused the injury, by the law of the domicile of the parties when the parties are domiciled in the same state (Alabama in this case). The full comments to these articles are conclusive. Comment (a) to Article 3543 says:
* * * By way of illustration, so called "rules of the road" establish or pertain to "standards of conduct and safety, whereas rules that impose a ceiling on the amount of compensatory damages or provide immunity from suit are "rules of loss-distribution and financial protection".
These Code articles are applicable although the accident occurred before they became effective. However, even if they are not, prior law would give the same result. The Louisiana jurisprudence supports our view. In Jagers v. Royal Indemnity Company, 276 So.2d 309 (La.1973), the Louisiana Supreme Court applied the "interest analysis" approach and stated that Louisiana law should be applied when this state has an interest in applying its law and the foreign state has none. In Jagers, a mother sued her major son and their liability insurer for personal injuries sustained in a motor vehicle accident which occurred in Mississippi. The defendant insurer argued that the law of Mississippi would prevent suit by a mother against her son. The Louisiana Supreme Court found the case presented a false conflict of laws question. The Court found that the suit between the two Louisiana domiciliaries was governed by Louisiana law and that the state of Mississippi had no interest in the suit. The Court also noted the Mississippi case of Mitchell v. Craft, 211 So.2d 509 (Miss.1968), where the Mississippi Supreme Court applied the Mississippi doctrine of comparative negligence to a case involving Mississippi domiciliaries and arising out of an accident in Louisiana, where contributory negligence would have defeated the claim of one of the parties.
In Hanzo v. Liberty Mutual Ins. Co., 508 So.2d 928 (La.App. 4th Cir.1987), two Louisiana residents on vacation in Hawaii were injured in an auto accident when a third Louisiana resident (with whom the two were travelling) drove their rental vehicle into an oncoming lane of traffic. The two passengers sued the insurer of the rental vehicle, the driver and the driver's *897 insurer. This court found that the issue of the liability of the insurer of the rental vehicle was governed by the law of Hawaii because, under La.C.C. Art. 10 (now C.C. Art. 15), "[t]he form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed." The court also noted an endorsement in the policy that "[t]he company will pay, in accordance with the Hawaii No-Fault Law no-fault benefits on account of incidental harm ..."
In determining the issues of the driver's tort liability and his status as an underinsured motorist, the Hanzo court applied Louisiana law. The court stated:
In the instant case, the underlying lawsuit involves two Louisiana residents suing another Louisiana resident. Additionally, the uninsured motorist policies in question were issued and delivered in Louisiana to Louisiana residents. Under these facts we cannot conceive of any interest which Hawaii might have in applying its law to determine Koen's tort liability or his status as an underinsured motorist. The only nexus between Hawaii and the principal parties to this suit is that the accident occurred there. Louisiana, on the other hand, has a significant interest in protecting its citizens from damage caused by wrongful acts of othersregardless of where the tort occurs. Jagers, supra. Considering the strong interest Louisiana has in applying its law to compensate resident tort victims and the absence of any interest which Hawaii might have in a suit involving all non-residents, we conclude that the trial court properly applied Louisiana law to establish Koen's tort liability and status as an underinsured motorist.
In addition to the above, this conflict of law problem is foremost and principally an issue of insurance coverage, and therefore one of contract. When the basics are examined, Heather Levy is suing her father's insurance company and the issue is whether that insurance covers her claim. C.C. Art. 3537 says that an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied, and section (1) indicates that domicile of the parties is a paramount question. Another factor given strong consideration is the expectations of the parties. In this case that means risks coverage and premiums paid. They are directly related.
State Farm issued a policy in Alabama, accepting the risks of loss under Alabama law, and charged premiums accordingly. Patrick Levy could not expect coverage of risks not contemplated by either him or his insurer. Determination of coverage vis a vis Patrick Levy and State Farm should be governed by Alabama law.
In spite of the above, we reject State Farm's request for summary judgment, because under Alabama Law a driver can be held liable for injuries to a guest passenger caused by willful or wanton misconduct. Code of Alabama, Section 32-1-2 (1975):
The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.
Plaintiffs' petition alleges that Patrick Levy failed to stop for a red light and that his operation of the automobile was reckless. Thus, there is a genuine issue of material fact whether Levy's misconduct was willful or wanton under Alabama law so as to allow recovery against him by his guest passenger.