PER CURIAM.
Appellants, Donny Wright and Audry Wright (“the Wrights”), appeal the dismissal of two counts of their complaint for injuries Donny Wright sustained when the motorcycle he was riding collided with a truck. The issue to be determined by this review is whether the policy issued by Auto-Owners Insurance Company (“Auto-Owners”) provided coverage to its insured if he was riding a motorcycle at the time of the accident. We affirm in part and reverse in part.
*181 The Wrights obtained insurance coverage for their 1987 Chevrolet Blazer from Auto-Owners in July of 1993. On February 11, 1994, Donny Wright collided with a truck while riding on a motorcycle. The Wrights filed their multi-count complaint seeking coverage for the injuries. Count I made a claim for “No-Fault” (“PIP”) coverage under the policy. Count II sought relief under the “Passenger Accident Coverage” section of the policy. The trial court ruled that the policy did not cover Wright’s injuries because he was riding a motorcycle at the time of the accident. Consequently, the trial court dismissed both Counts I and II with prejudice. This appeal followed.
We hold that the policy does provide the Wrights coverage under the PIP section. An insurance policy is a contract between the insured and the carrier. The meaning of the policy is to be determined from the unambiguous language used by the parties. See State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Florida, Inc., 678 So.2d 397, 400 (Fla. 4th DCA 1996), aff'd, 711 So.2d 1135 (Fla.1998), reh’g denied (Jun 11, 1998). The policy language should be read “as it would be understood by reasonable people, i.e. given its plain and ordinary meaning.” Id. at 401.
The Wright’s Auto-Owners policy provides:
We will pay, in accordance with the No-Fault Law, benefits for:
(A) medical benefits;
(B) disability benefits; and
(C) death as a result of bodily injury:
(A) sustained by an eligible injured person and caused by accident; and
(B) due to the maintenance or use of a motor vehicle as a motor vehicle.
We find that the policy language quoted above, taken with the definitions the policy provides, is plain and unambiguous. Donny Wright fits within the policy definition of “eligible injured persons” to whom Auto-Owners will pay benefits. He made his claim for benefits “as a result of bodily injury”: (A) “caused by an accident,” when he collided with (B) a motor vehicle (truck) being used as a motor vehicle. This portion of the policy does not exclude coverage for persons riding motorcycles.
Nor does the policy definition of an “eligible injured person” exclude coverage. For the insured or a relative, the definition requires only that one “sustains a bodily injury in an accident involving a motor vehicle.” In the definition that applies to other persons, the policy requires that the accident involve the insured’s motor vehicle and that the person not occupy “a self-propelled vehicle,” i.e., a motorcycle. The policy does not use such limiting language in referring to the insured. We decline the invitation to graft such limits to the plain meaning of the language Auto-Owners chose to place in its policy.
Auto-Owners contends that the opening reference to the “No-Fault Law” should be read to limit the coverage the policy provides to the minimum coverage the law mandates. We reject such a reading. See, e.g., Sturgis v. Fortune Ins. Co., 475 So.2d 1272, 1273 (Fla. 2d DCA 1985). Additionally, Auto-Owners suggests that the term “motor vehicle” must be read to limit the coverage to accidents involving the insured’s vehicle. That is not what the policy states.
Finally, Auto-Owners argues that since motorcycles are not “motor vehicles” as defined in the No-Fault Law, and are excluded from coverage under the law, this policy should not be read to provide coverage if a motorcycle is involved. This argument is irrelevant inasmuch as the language of the policy, not the statute, determines the coverage provided, and the policy does not specifically limit the position of the insured at the time of the accident. The policy requires only that the accident result from the use of a motor vehicle as a motor vehicle. Clearly, the truck meets that requirement. Accordingly, the trial court erred in dismissing Count I with prejudice.
*182 Count II of the complaint claimed damages under the “Passenger Accident Coverage” section of the policy. We read this section of the policy as purposefully limiting coverage to certain situations involving the insured or other named persons while passengers in an automobile. The Wrights suggest that we read the language so broadly as to apply to the facts involved in this suit. Such a reading would be contrary to the intent of the section when read in its entirety. Therefore, we hold that the trial court correctly dismissed Count II of the complaint.
We reverse the dismissal of Count I, affirm as to the dismissal of Count II, and remand to the trial court for further proceedings consistent with this opinion.
THREADGILL, A.C.J., and DAVIS, J, Concur.
ALTENBERND, J., Concurs specially.