406 So.2d 1109 (1981)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, etc., Petitioner,
v.
Helen Powell OLSEN, etc., Respondent.
No. 59639.
Supreme Court of Florida.
November 25, 1981.
Thomas G. Kane of Driscoll, Langston, Layton & Kane, Orlando, for petitioner.
Bruce Jacobus, Indialantic, and Edna L. Caruso, West Palm Beach, for respondent.
Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
*1110 J. Craig Corbett and Ronald M. Owen of Parker, Johnson, Owen & McGuire, Orlando, for Florida Defense Lawyers, amicus curiae.
ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the Fifth District Court of Appeal that its decision reported in 386 So.2d 600 is one which involves a question of great public importance. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972).
The present suit arose from an automobile accident occurring in Illinois in 1976 between an uninsured Illinois motorist and a Florida resident, Johnnie Olsen, in which Mr. Olsen was killed. The deceased was insured under a policy of automobile liability insurance issued in the state of Florida by petitioner, State Farm. Respondent, Helen Powell Olsen, decedent's wife and personal representative of his estate, thereafter filed a demand for arbitration of any uninsured motorist benefits due under the policy in question and asked that arbitration be governed by the substantive law of the state of Florida, i.e. comparative negligence, since Illinois' law of contributory negligence would bar respondent's action. State Farm filed suit seeking a declaratory judgment and final summary judgment was entered by the trial court for petitioner, State Farm. Respondent brought an appeal to the Fifth District.
The district court reversed the final summary judgment, holding the concept of contributory negligence as a bar to recovery to be contrary to the public policy of this state and thus not to be applied by the courts of this state under the traditional conflict of laws doctrine of "lex loci delicti". However, deeming this to be a matter of great public importance, the court certified the following question for our consideration:
In a personal injury suit filed in Florida for a tort alleged to have occurred outside of Florida, can the contributory negligence defense bar recovery?
Olsen v. State Farm Auto. Ins. Co., 386 So.2d 600, 601 (Fla. 5th DCA 1980).
In response to that question, we refer to our very recent decision in Bishop v. Florida Specialty Paint Co. 389 So.2d 999 (Fla. 1980) (pending at the time the district court of appeal certified its question), which designates the controlling test to be applied to this case.
Bishop involved the crash of a small plane in South Carolina, en route from Jacksonville, Florida, to Beech Mountain, North Carolina, for a Fourth of July weekend. At that time, under Florida conflicts law, all substantive issues of the case were to be determined under the law of the place where the injury occurred  South Carolina. Florida law allows recovery by airplane guest passengers upon a showing of ordinary negligence; on the other hand, South Carolina's aviation guest statute requires a showing of intentional misconduct or recklessness. The plaintiffs in Bishop conceded that they could not meet the South Carolina standard for recovery. Accordingly, the First District Court of Appeal affirmed the summary judgment granted by the trial court in favor of the defendants but certified a question to this Court regarding the mechanical operation of the lex loci delicti rule.
Pursuant to that question, we abandoned the inflexible lex loci doctrine in favor of the more rational "significant relationships test" as set forth in the Restatement (Second) of Conflict of Laws, subsections 145-46 (1971):
§ 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,

*1111 (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
§ 146. Personal Injuries
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied. (Emphasis supplied.)
However, as we explained in Bishop:
The conflicts theory set out in the Restatement does not reject the "place of injury" rule completely. The state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law. Indeed, the rationale for a strict lex loci delicti rule is also reflected in the same Restatement's section 6, where "certainty, predictability and uniformity of result," and "ease in the determination and application of the law to be applied" are cited as major factors in determining the proper choice of law... .
389 So.2d at 1001.
Additionally, the other principles set out in the Restatement, section 6, are:
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interest states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law, ...
Restatement (Second) of Conflict of Laws § 6 (1971).
For those reasons, and in light of the relevant contacts set out in section 145 of the Restatement, we hold that Illinois' law controls in the instant case. Certainly, Illinois has the most significant relationship with the occurrence since the accident happened there. Furthermore, regarding the various policies enumerated in section 6, Illinois has an interest in the rights of its citizens who are subject to subrogation by the insurer on any uninsured motorist coverage it pays, which interest, in this case, is paramount to the relevant policies of Florida as the forum state. Finally, to reiterate our position in Bishop, for reasons of uniformity and ease in determination and application of the law, (barring other factors, not existent here, which may outweigh the place of the injury as a controlling consideration), we deem Illinois law to be controlling.
Accordingly, we answer "yes" to the certified question and hold Illinois' law to be controlling. We quash the decision of the district court and remand this cause to the Fifth District Court of Appeal for further consideration.
BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C.J., dissents with an opinion.
SUNDBERG, Chief Justice, dissenting.
My answer to the certified question posed by the district court of appeal would be as follows: "Yes, provided the place where the tort occurred has the most significant relationship to the occurrence and the parties based on application of the principles articulated in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980)." Furthermore, I do not conclude automatically, as does the majority, that Illinois law applies. Although Illinois was the place of the accident and therefore has an interest in the occurrence, the relationship between the insurer and the insured must be taken into account. Since the insured was a Florida resident under a policy issued in Florida, presumably pursuant to underwriting considerations *1112 applicable to Florida, this state also has an interest. Which of the two states has the most significant relationship to the total transaction or occurrence is a determination for the trial court based on the proof presented. This requires a remand to the trial court for application of the principles set forth in the Restatement (Second) of Conflict of Laws §§ 6, 145-46 (1971).
Hence, I respectfully dissent.