433 So.2d 613 (1983)
Marshall HARRIS, As Personal Representative of the Estate of Steven Harris, Deceased, Marshall Harris, Individually, and South Carolina Insurance Company, Appellants,
v.
Samuel BERKOWITZ, As Personal Representative of the Estate of David Berkowitz, Deceased, Appellee.
No. 82-1257.
District Court of Appeal of Florida, Third District.
June 21, 1983.
Gerald E. Rosser, Miami, for appellants.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellee.
Before HENDRY, BARKDULL and BASKIN, JJ.
BASKIN, Judge.
The issue presented in this appeal is whether the law of Florida permitting full recovery or the law of Maine limiting recovery applies in the determination of damages for wrongful death. The trial court applied Florida law and entered final judgment in favor of appellee in the amount of $100,000. We affirm.
The stipulated facts disclose that Steven Harris and David Berkowitz, Florida residents planning to return to Florida after attending summer camp in Maine, were killed when the car in which they were riding in Maine struck a tree. The car, operated by Steven Harris, was owned by his father. David Berkowitz's father, as personal representative of his estate, brought an action against Marshall Harris, Steven Harris's father and personal representative, to recover damages for wrongful death. Both personal representatives were residents of Florida, the state in which the estates were probated. The automobile involved in the accident had Florida license tags and had been purchased and insured by Harris in Florida. Harris admitted liability and stipulated that "all negligent acts and conduct that caused the accident occurred in Maine, at night after working hours." Under Florida law, the insurance policy provides recovery to $100,000, whereas under Maine law, recovery in wrongful death actions is limited.
Our affirmance is predicated upon our holding that Florida is the state with more significant relationship to the occurrence and to the parties. The Florida Supreme Court in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980) abandoned the mechanical lex loci delecti rule and adopted the more flexible "most significant relationships test" embodied in sections 6, 145-146 of the Restatement (Second) of Conflict of Laws.[1]See State *614 Farm Mutual Automobile Insurance Co. v. Olsen, 406 So.2d 1109 (Fla. 1981). The relevant contacts listed under section 145(2) include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
Restatement (Second) of Conflict of Laws § 145(2) (1971); see also E. Scoles & P. Hay, Conflict of Laws, § 2.15 (1982); Robert A. Leflar, The Torts Provisions of the Restatement (Second), 72 Colum.L.Rev. 267 (1972).
According to sections 175 and 178 of the Restatement,[2] the measure of damages in a wrongful death action is determined by the law of the state with the most significant contacts.
In a situation such as the one under consideration where decedents, beneficiaries and litigants are from a particular state, the law of that state determines the measure of wrongful death damages. Restatement (Second), section 178, comment b.[3]
When the place of injury is fortuitous or bears little relation to the occurrence, the place of injury does not play a significant role in the selection of the applicable law. Restatement (Second), section 145, comment e;[4]see In re Air Crash Disaster at Boston, Massachusetts on July 31, 1973, 399 F. Supp. 1106 (D.Mass. 1975); Fabricius *615 v. Horgen, 257 Iowa 268, 132 N.W.2d 410 (1965); see also Guillory on Behalf of Guillory v. United States, 699 F.2d 781 (5th Cir.1983); Steele v. Southern Truck Body Corp., 397 So.2d 1209 (Fla. 2d DCA 1981).
All parties to this action are permanent residents of Florida. It is therefore impossible to ascertain any policy Maine might have in the application of its limitation on damages insofar as recovery by Florida residents for the death of a Florida decedent resulting from the negligence of another Florida decedent is concerned. Because Florida has the most significant relationships to the occurrence and to the parties, its wrongful death recovery provisions govern the award of damages.
Affirmed.
NOTES
[1] § 145. The General Principle

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
§ 146. Personal Injuries
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
§ 6. Choice-of-Law Principles
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
[2] § 175. Right of Action for Death

In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
§ 178. Damages.
The law selected by application of the rule of § 175 determines the measure of damages in an action for wrongful death.
[3] Comment b states:

The choice-of-law principles stated in § 6 should be applied in determining the state whose local law will be applied to determine the measure of damages in a wrongful death action. In general, this should be the state which has the dominant interest in the determination of this issue. The state of conduct and injury will not, by reason of these contacts alone, be the state which is primarily concerned with the measure of damages in a wrongful death action. The local law of this state will, however, be applied unless some other state has a greater interest in the determination of this issue. In a situation where one state is the state of domicil of the defendant, the decedent and the beneficiaries, it would seem that, ordinarily at least, the wrongful death statute of this state should be applied to determine the measure of damages.
[4] Comment e provides, in pertinent part:

Situations do arise ... where the place of injury will not play an important role in the selection of the state of the applicable law. This will be so, for example, when the place of injury can be said to be fortuitous or when for other reasons it bears little relation to the occurrence and the parties with respect to the particular issue... .