447 So.2d 232 (1983)
Martha KRASNOSKY, John E. Krasnosky, Jr., and South Carolina Insurance Company, Appellants,
v.
Edna M. MEREDITH, Appellee.
No. AP-207.
District Court of Appeal of Florida, First District.
July 8, 1983.
Robert P. Gaines, of Beggs & Lane, Pensacola, for appellants.
Thomas C. Staples, of Mann, Lang & Staples, Pensacola, for appellee.
WIGGINTON, Judge.
The present suit arose from a one-car accident in Georgia, occurring approximately *233 six miles from the Georgia-Florida border. The two occupants of the automobile were both residents of Florida and the insurance policy was issued in Florida by the appellant South Carolina Insurance Company, a company licensed to do business in Florida. The accident occurred en route to Florida from a visit with relatives south of Atlanta, when the automobile left the highway and collided with a tree. The driver, Jessie Sasser, died ten days after the accident as a result of injuries sustained therein. The passenger, Edna M. Meredith, suffered extensive injuries, recovery for which prompted the cause of action brought against the Krasnoskys as personal representatives of the estate of Jessie Sasser, and South Carolina Insurance Company, Mr. Sasser's liability insurance carrier.
During the trial, the court was presented a motion for directed verdict in which it was requested to hold Georgia law applicable and accordingly, plaintiff having failed to demonstrate gross negligence, to find for the estate of Jessie Sasser. The trial court reserved decision on the motion and submitted a special verdict to the jury requesting the jurors to determine whether Mr. Sasser had been guilty of simple negligence or gross negligence; the jury returned a verdict of simple negligence.
In the post-trial order, the court ruled that the law of Florida should be applied rather than the law of Georgia, Florida's law requiring a showing of only simple negligence on the part of a host driver for a guest passenger to recover. Applying Bishop v. Florida Specialty Paint Company, 389 So.2d 999 (Fla. 1980), and State Farm Mutual Automobile Insurance Company v. Olsen, 406 So.2d 1109 (Fla. 1981), the trial court held that, "under the particular facts of this case ... the State of Florida has a more significant relationship to the determination of the rights and the liabilities of the parties than does the State of Georgia." We affirm.
The "significant relationships test" set forth in Bishop and Olsen mitigates in favor of application of Florida law, as the only relationship of Georgia to the personal injury action is the mere "happenstance" of the automobile coming into contact with a Georgia tree located six miles from the Florida state line. Bishop at 1000. On the other hand, the trip was to begin and end in Florida, plaintiff and defendants are either Florida residents or licensed to do business in Florida, and the host-guest relationship between the parties arose in Florida. Under those circumstances, the flexibility of the Restatement's "significant relationships test" clearly serves to further the ends of justice.
AFFIRMED.
ERVIN, C.J., and THOMPSON, J., concur.