515 So.2d 413 (1987)
Grace M. STALLWORTH, Appellant,
v.
HOSPITALITY RENTALS, INC., d/b/a Budget Rental Car, Appellee.
No. BS-362.
District Court of Appeal of Florida, First District.
November 17, 1987.
*414 Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
Charles A. Schuster of Bell, Hahn & Schuster, Pensacola, for appellee.
ZEHMER, Judge.
This case presents a conflict of laws question concerning the vicarious liability of a Florida defendant to a Florida plaintiff arising out of an automobile accident in Louisiana. Grace M. Stallworth, a passenger in the car, appeals a final summary judgment for Hospitality Rentals, Inc., d/b/a Budget Rental Car, which owned the car and rented it for use by Stallworth's boyfriend. The sole issue is whether Florida law or Louisiana law should govern the vicarious liability of Hospitality for the driver's negligence. Concluding that the lower court erred in applying Louisiana law rather than Florida law on this issue, we reverse.
The facts are not in dispute. Stallworth, her boyfriend, Kitt, and Kitt's employer, Walke, are Florida residents. Hospitality is a Florida corporation in the automobile rental business in Pensacola. Kitt arranged for Walke to rent a car for several days to be used by Kitt and Stallworth in traveling to New Orleans for a jazz concert. Walke rented the car from Hospitality, listing Kitt on the rental agreement as the authorized driver. The car was rented at Hospitality's Pensacola office, and the rental agreement recited that the car was to be returned to that office. The car was registered and licensed in Florida and was covered by an insurance policy complying with Florida law.
Kitt and Stallworth drove from Florida to New Orleans. After picking up two friends of Kitt, one of whom was Hammond, a Louisiana resident, they drove back into Mississippi for a short while. Upon leaving Mississippi to return to New Orleans late that night, Hammond took over the driving because of his familiarity with the area. Near Frankinton, Louisiana, Hammond negligently drove the car into a concrete bridge. Stallworth sustained severe injuries, and the other three occupants of the vehicle were killed. Stallworth was treated for her injuries in both Louisiana and Florida.
Stallworth sued Hospitality in Florida, basing her claim solely on Hospitality's vicarious liability for Hammond's negligence under the dangerous instrumentality doctrine. Louisiana law, unlike Florida law, does not recognize an owner's vicarious liability under that doctrine and would not hold Hospitality vicariously liable under the circumstances of this case. The lower *415 court determined that Louisiana has the more significant relationships with this case, applied Louisiana law, and granted summary judgment for Hospitality. The sole issue on appeal is whether or not this ruling was error.
Florida has adopted the significant relationships test found in the Restatement (Second) of Conflict of Laws §§ 145, et. seq. (1971), for determining which state's law is to be applied in tort actions filed in a Florida court. State Farm Mutual Automobile Insurance Company v. Olsen, 406 So.2d 1109 (Fla. 1981); Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980).
Pursuant to section 145(1) of the Restatement:
The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6. [Emphasis added.]
The court must, in determining the applicable law, evaluate the following contacts according to their relative importance with respect to the particular issue under consideration: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws § 145(2) (1971).
Section 146 further provides:
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied. [Emphasis added.]
The lower court's evaluation of the Restatement factors led it to conclude that Louisiana has the most significant relationship to the case because the accident occurred in Louisiana and the driver was a resident of Louisiana. For the reasons hereafter expressed, we hold that the trial court incorrectly applied the Restatement principles and erroneously placed undue, and therefore improper, weight on these two facts.
The Restatement's significant relationships test does not require the court to evaluate the recited contacts with a view to determine which state's local law should be applied to all issues in the case as a whole; rather, the contacts must be evaluated with respect to the particular issue under consideration.[1]See Hertz v. Piccolo, 453 So.2d 12 (Fla. 1984); Harris v. Berkowitz, 433 So.2d 613 (Fla. 3d DCA 1983) ("In a situation such as the one under consideration where decedents, beneficiaries and litigants are from a particular state, the law of that state determines the measure of wrongful death damages." Id. at 614). Where the choices of law influencing a decision differ between the two states involved, separate substantive issues in the case may have to be resolved under the laws of different states. Foster v. United States, 768 F.2d 1278 (11th Cir.1985). Accordingly, Florida courts applying the Restatement test have held that Florida law governs certain issues in the case even though the automobile accident, and thus the negligent conduct of the driver, occurred in a state other than Florida. See Krasnosky v. Meredith, 447 So.2d 232 (Fla. 1st DCA 1983) (applying Florida law to determine driver's liability based on host-guest relationship which arose between the passenger and driver in Florida, since the "only relationship of Georgia to the personal injury action is the mere `happenstance' of the automobile coming into contact with a Georgia tree"); *416 Harris v. Berkowitz, 433 So.2d 613 (Florida wrongful death law permitting full recovery of damages, rather than law of Maine limiting recovery, is applicable where accident involving Florida residents occurred during trip in Maine because the state of Florida has the most significant contacts with these parties, their relationship, and the occurrence).
Because the negligence of the driver in this case is admitted, we are not concerned with the law governing that issue. The critical legal issue in dispute is whether Hospitality, as owner of the automobile it rented for use by Stallworth's boyfriend on the temporary sojourn to New Orleans, may be held vicariously liable for passenger Stallworth's injuries under Florida's dangerous instrumentality doctrine. The separate treatment of this particular issue in section 174, Restatement (Second) of Conflict of Laws (1971),[2] serves to emphasize the importance of analyzing the law governing vicarious liability separately from the law governing other issues, such as the standard of care a driver is required to exercise. The rationale underlying section 174 is predicated on the Restatement principles which require that "the forum consider (1) whether the relationship between the defendant and the other person makes the imposition of vicarious liability reasonable, and (2) whether there is a reasonable relationship between the defendant and the state whose local law is to be applied." Restatement (Second) of Conflict of Laws § 174 comment a. Comment c to that section states:
Vicarious liability may also be imposed by application of the local law of some state other than that of conduct and injury. So, for example, vicarious liability may be imposed under the local law of the state where the relationship between the one sought to be held liable and the tortfeasor is centered. Application of the local law of this state to impose vicarious liability is particularly likely if this state has some relationship to the injured plaintiff (see Illustration 6). There are undoubtedly still other situations where vicarious liability may be imposed.[3]
Upon analyzing the various factors, as section 145 requires, we hold, with respect to the issue of Hospitality's vicarious liability to Stallworth, that Florida has the most significant relationships to the occurrence. Obviously, the first two contacts, where the injury occurred and where the conduct causing the injury occurred, are in Louisiana. Hospitality has failed, however, to demonstrate why these two contacts have substantial significance in respect to the issue of its vicarious liability; instead, Hospitality's brief relies solely on a presumption that the law of the place of injury controls, citing State Farm Mutual Automobile Insurance Company v. Olsen, 406 So.2d 1109. The principles of law governing the driver's negligence, i.e., duty of care to be exercised on Louisiana highways, or the driver's liability to Stallworth, do not appear to be any different from that which Florida law requires. More importantly, the negligence of the driver is not a disputed issue. As in Krasnosky v. Meredith, 447 So.2d 232, and Harris v. Berkowitz, 433 So.2d 613, the fact that, during this trip across state lines, the accident happened in Louisiana rather than in another state, such as Mississippi, is pure happenstance. Therefore, the fact that passenger Stallworth suffered injuries in Louisiana bears little or no significant relationship to this occurrence insofar as Hospitality's vicarious liability for those injuries is concerned. "When the place of injury is fortuitous or bears little relation to the occurrence, the place of injury does not play a significant role in the selection of the applicable *417 law." Harris v. Berkowitz, 433 So.2d at 614.
On the other hand, the third contact under section 145, the residence and place of business of the parties, clearly centers on Florida. Both Stallworth and her boyfriend Kitt, whom Hospitality authorized to drive the car in states other than Florida, are residents of Florida. Hospitality is a Florida corporation in the car rental business in Pensacola.
Similarly, the fourth contact, the place where the relationship between the parties is centered, is also in Florida. Unquestionably, the most important contact with respect to Hospitality's vicarious liability to this Florida passenger is the significant relationship the state of Florida has to this rental transaction involving one of Hospitality's automobiles, as the following facts show: The rental transaction took place in Florida between Florida residents pursuant to a rental agreement made and to be performed in Florida; Hospitality rented a vehicle which it owned, registered, and licensed in Florida and insured by a policy in compliance with Florida law; the rental agreement stipulated that the vehicle was to be returned to Hospitality in Florida; it was contemplated that the rented vehicle was to transport the authorized driver, Kitt, and his passenger, Stallworth, to New Orleans and back, a trip which required the car to pass through the states of Alabama, Mississippi, and Louisiana.
Paraphrasing the above-cited rationale of section 174, it clearly appears that (1) the relationship between Hospitality and Stallworth makes the imposition of vicarious liability on Hospitality reasonable, and (2) there is a reasonable relationship between Hospitality and Florida, the state whose local law is to be applied to this issue. In view of this relationship between Hospitality and the state of Florida, we are unwilling to conclude that each time the rented car crossed the several state lines on the contemplated trip, the legal rule governing Hospitality's vicarious liability to Florida occupants of the car would change in accordance with the local law of the state the automobile happened to be in at that particular moment. This holding is in complete accord with the general factors set forth in section 6(2) of the Restatement.[4]
*418 Our holding today is necessarily limited to the specific facts this appeal presented. Whether the same choice of law should be made regarding the vicarious liability of a Florida car rental agency in an action for injuries to residents of another state is a matter we must necessarily leave open until that case is presented.
The summary judgment for Hospitality is REVERSED, and the cause is REMANDED for further proceeding.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] As neither party argued in the court below or in their briefs on appeal the significance of the Restatement provision in respect to determining the law applicable to a particular issue, the trial court's erroneous ruling is understandable. However, we fully explored this issue with both parties during oral argument.
[2] Section 174 states, "The law selected by application of the rule of § 145 determines whether one person is liable for the tort of another person."
[3] Illustration 6 under that comment recites:

In state X, A, who is domiciled in X, rents a car from the B rental agency. With C, who is also domiciled in X, as a guest passenger, A drives into Y, adjoining state, and there negligently injures C. Under an X statute, the bailor of an automobile is liable for injuries caused by the negligence of the bailee. No such liability is imposed upon the bailor by Y local law. B will be held liable to C.
[4] The choice of law applied in this case accords with these general factors in the following respects:

(a) Needs of the interstate systems. Determining the vicarious liability of a Florida car rental agency to injured Florida residents under the law of the place where the rental transaction took place fixes the scope of such liability with certainty, predictability, and uniformity. Moreover, it permits the rental agency to insure against such liability without the risk of having different and more pervasive rules of liability become applicable as the car crosses several state lines. Thus, this rule serves the needs of a uniform interstate system of law.
(b) Relevant policies of the forum. Since Florida's interest in this case is not limited simply to being the place where trial is to be held, its interest goes beyond consideration of rules and policies important to trial administration. Because both parties are Florida residents, and in view of Florida's significant relationships to the rental transaction and the occurrence, Florida has a definite interest in seeing that the interests sought to be furthered by the dangerous instrumentality doctrine are protected in this situation. To that extent, the application of Florida law to these circumstances furthers the policy of the forum state.
(c) Relevant policies of other interested states and the relative interests of those states in the determination of the particular issue. Louisiana does not appear to have any strong policy interest in the vicarious liability issue between Florida residents here decided. Louisiana citizens are not directly affected by the choice of law rule we have made. The comment to section 6(2) states, "In general, it is fitting that the state whose interests are most deeply affected should have its local law applied," and further, that "application of a state's statute or common law rule which would absolve the defendant from liability could hardly be justified on the basis of this state's interest in the welfare of the injured plaintiff." Restatement (Second) of Conflict of Laws § 6(2) comment f (1971).
(d) Protection of justified expectations. This factor has no application unless the parties gave thought, when entering into the transaction, to the law that may be applicable to this occurrence. While we seriously doubt that they did so, it is more reasonable that the Florida participants in this transaction contemplated that Hospitality would be vicariously liable in accordance with the law of Florida.
(e) Basic policies underlying the particular field of law. The tort law of both Louisiana and Florida is concerned with protecting an injured plaintiff against monetary loss at the hands of a negligent defendant. The states differ, however, in the manner in which this protection will be accomplished. The basic policy underlying the Florida dangerous instrumentality doctrine is to place the responsibility for the negligent operation of an automobile squarely upon the owner who permitted its use. See 4 Fla.Jur.2d Automobiles etc. §§ 227, 280 (1978). The policy of fixing such responsibility with certainty upon the owner, who may then obtain insurance against such potential liability, serves to better protect an injured plaintiff from being unable to recover from an insolvent defendant driver whose negligence caused the injury. Our holding Florida law applicable will serve such purpose without offending any strong policy interests the state of Louisiana may have in the outcome of this case.
(f) Certainty, predictability, and uniformity of result. Manifestly, application of Florida law to determine the vicarious liability of the Florida owner for the negligence of the driver in respect to injured persons who are Florida residents, irrespective of where the accident occurs, serves this purpose. See discussion under (a).
(g) Ease in the determination and application of the law to be applied. We perceive no difficulty to be encountered in the determination and application of the rule herein approved to other similar fact situations.