679 So.2d 462 (1996)
Dwayne OLIVER
v.
Peter W. DAVIS, et al.
No. 95 CA 1841.
Court of Appeal of Louisiana, First Circuit.
August 12, 1996.
Writ Denied November 15, 1996.
*463 Craig S. Sossaman, Joseph B. Harvin, Harvin & Sossaman, P.L.C., Metairie, for Plaintiff-Appellee Dwayne Oliver.
Daniel A. Rees, Ashley L. Westerlund, Christovich & Kearney, L.L.P., New Orleans, for Defendants-Appellants Peter W. Davis, et al.
Before SHORTESS, PARRO and KUHN, JJ.
KUHN, Judge.

I. THE ISSUE
This appeal involves the issue of whether plaintiff should be allowed to voluntarily dismiss his suit without prejudice after defendants have made a general appearance. We must decide whether the dismissal of plaintiff's suit would deprive defendants of a substantive right or a just defense. More specifically, we address whether defendants will be deprived of a substantive right or a just defense if plaintiff is allowed the opportunity to proceed with a suit filed in a Florida state court involving substantially similar claims and defendants.

II. FACTS AND PROCEDURAL BACKGROUND
Plaintiff, Dwayne Oliver, a Louisiana resident, filed suit on April 13, 1992, alleging he had been involved in an automobile accident in Mandeville, Louisiana, on February 15, 1992. Oliver claimed his automobile was struck by a 1992 Dodge automobile leased and owned by defendant, Thrifty Rent-A-Car System, Inc. ("Thrifty")[1], and/or defendant, Florida East Coast Leasing, Inc. ("Florida Leasing"), foreign corporations engaged in the car rental business. The petition[2] also named as defendants Pentastar Transportation Group, Inc. ("Pentastar"), a foreign corporation alleged to be the owner of the Dodge automobile and its insurer, MCA Insurance Company.[3]
Plaintiff also named Peter W. Davis, Laura Ann Ross and Progressive Insurance Company as defendants, alleging 1) the Dodge automobile had been leased to Ross and was being driven by Davis when the accident occurred, 2) Ross and Davis are residents of the state of Florida, and 3) a contract of liability insurance was issued by Progressive to Thrifty and/or Florida Leasing and Ross. Plaintiff further claimed that due to negligent acts of Davis and Ross, he has sustained physical injuries, loss of income and property damage.[4]
On April 18, 1995, Davis, Ross, Thrifty, Florida Leasing, Progressive and Pentastar answered the suit, generally denying the allegations set forth in the petition.[5] On that same date, Davis, Ross, Thrifty, Florida Leasing, and Pentastar filed an "Objection To Dismissal Without Prejudice," in which defendants represented the following, in pertinent part:
[F]or some time, the parties have been informally proceeding with attempts to obtain dismissals of those parties improperly joined, as well as to amicably resolve this matter. The plaintiff has now, in a procedural move made solely for the purposes of forum shopping, only recently filed a suit against these parties in the State of Florida, *464 asserting the very claims set forth in this lawsuit....
Defendants herein have filed in that proceeding a motion to dismiss due to lis pendens.... [T]he parties hereto object to any voluntary dismissal of this matter without prejudice. Such dismissal would be designed solely for forum shopping purposes, which activity should not be aided by this court through the granting of a dismissal without prejudice.
The complaint filed in the Florida proceeding names Thrifty, Florida Leasing, Pentastar, Davis and Ross as defendants.[6] The complaint alleges 1) Thrifty is a foreign corporation, authorized to do and doing business in the state of Florida, 2) Florida Leasing is a Florida corporation, 3) Pentastar is a foreign corporation not authorized to do but doing business in the state of Florida, 4) Davis and Ross reside in Jacksonville, Florida, 5) on February 15, 1992, Thrifty, Florida Leasing and/or Pentastar owned a 1992 Dodge automobile which was leased to Ross and Davis in Jacksonville, Florida, 6) the automobile was being driven by Davis with the consent of Ross, and 7) plaintiff has suffered injury due to the negligent operation of the vehicle by Davis.
On April 19, 1995, plaintiff filed a motion to dismiss the Louisiana suit without prejudice. A hearing was held on May 8, 1995, during which counsel argued this matter and submitted it for decision. The trial court signed a judgment on May 15, 1995, granting plaintiff's motion to dismiss without prejudice. In reasons for judgment, the court stated the following, in pertinent part:
[I]t [is] likely that both Florida and Louisiana would apply Florida law to the issue of the lessor's liability. The Court hence finds that the plaintiff has not engaged in forum shopping and that the defendants have failed to show that any of their substantive rights would be prejudiced or that they would be deprived of a just defense.
Defendants have appealed, asserting the trial court erred in determining 1) a Louisiana court would apply Florida substantive tort law to determine the rights and liabilities of the parties in this case and 2) a substantive right of the defendants would not be affected by granting plaintiff's motion to dismiss without prejudice.

III. ANALYSIS

A. Voluntary Dismissal
La.C.C.P. art. 1671 provides:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
Comment (b) under this article states that a plaintiff's right to dismiss after an appearance by the defendant rests within the trial court's sound discretion. The trial court is given great latitude in deciding discretionary matters, and its decisions will be disturbed only when there has been a clear abuse of discretion. However, article 1671 does not grant unbridled discretion to the trial court. The jurisprudence has recognized a trial judge cannot dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. City National Bank v. Anlage, 448 So.2d 199, 200 (La.App. 1st Cir.1984); See also Rourke v. Coursey, 338 So.2d 1197, 1199 (La.App. 3d Cir.1976); and Melancon v. Swift Agricultural Chemical Corp., 289 So.2d 578, 580 (La.App. 3d Cir.1974).
During oral arguments before this court, defendants contended the trial court's dismissal of plaintiff's suit without prejudice has deprived them of a substantive right, *465 that being the right to have Louisiana choice of law provisions applied to determine whether Florida or Louisiana substantive tort law will control the issue of the vicarious liability of the defendant car owner(s). Defendants contend the application of Florida substantive tort law could drastically change the outcome of this case because Florida has a "dangerous instrumentality" theory of liability, which holds an owner of a car vicariously liable for any negligent operation by the driver. Defendants urge Florida jurisprudence will require Florida courts to apply the dangerous instrumentality rule and "[b]ecause Louisiana does not recognize this cause of action, and because Louisiana law should apply to this suit, a substantive right of the defendants is affected by [p]laintiff's ... motion to dismiss."
To decide whether defendants are being deprived of a substantive right or a just defense, it is necessary to compare Florida's choice of law provisions with those of Louisiana to determine if Florida and Louisiana would differ in the state law each chose to apply to the issue of vicarious liability.

B. Choice of Law

1. Louisiana
Act No. 923 of 1991, Louisiana's new choice of law provisions, went into effect on January 1, 1992, and applies to all actions filed after that date. This legislation codifies, updates, and streamlines Louisiana conflicts of law jurisprudence. Symeon C. Symeonides, Louisiana's New Law of Choice of Law for Tort Conflicts: An Exegesis, 66 Tul.L.Rev. 677, 678 (1992). La.C.C. art. 3515 provides the general rule for determining the law applicable to cases which have contacts with other states:
Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
La.C.C. art. 3542, sets forth the general choice of law rule pertaining to delictual and quasi-delictual obligations:
Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

2. Florida
Florida has adopted the significant relationships test found in the Restatement (Second) of Conflict of Laws ("the Restatement") §§ 145 et seq., for determining which state's law is to be applied in tort actions filed in a Florida court. State Farm Mutual Automobile Ins. Co. v. Olsen, 406 So.2d 1109, 1110-1111 (Fla.1981); Bishop v. Florida Specialty Paint Co., 389 So.2d 999, 1001 (Fla.1980). Section 145 sets forth the following general principles:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

*466 (a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Section 146 further provides:
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
Section 6 sets forth the following general choice of law principles:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
Section 174 addresses vicarious liability and provides:
The law selected by application of the rule of § 145 determines whether one person is liable for the tort of another person.

3. Application of Choice of Law Principles
Although a hearing was held on plaintiff's motion for dismissal, no evidence was introduced into the record. Accordingly, the record does not contain evidence establishing the residency or domicile of the parties or other facts pertinent to applying the above stated principles. However, based on the representations of the defendants in brief and during oral argument, defendants apparently do not dispute 1) Oliver, a Louisiana resident, was involved in an accident resulting in injury to him which occurred in St. Tammany Parish in Louisiana, 2) a vehicle driven by Davis, a Florida resident, was also involved in the accident, 3) the vehicle driven by Davis was registered in Florida and rented from Thrifty and Florida Leasing, both foreign corporations, 4) Ross, a Florida resident, rented the vehicle, and 5) the rental contract was confected in Florida.[7] Defendants have not specifically conceded Florida Leasing is a Florida corporation or that Thrifty and/or Pentastar have engaged in business in Florida, as alleged in plaintiff's Florida suit. However, we note defendants have not put forth any evidence to the contrary.
Due to the procedural posture of this case, we need not decide which state's law will control the substantive issues raised in this litigation; that will be decided by a trial court. This court must determine only whether the trial judge abused his discretion when he found defendants would not be deprived of a substantive right or a just defense by the application of Florida choice of law provisions rather than Louisiana choice of law provisions. We limit our analysis to the issue of vicarious liability, since it is the only issue as to which defendants contend a *467 conflict exists between Florida and Louisiana law. Furthermore, La.C.C. arts. 3515 and 3542 direct the focus in the choice-of-law process to the particular issue in which an actual conflict exists.[8]

a. Application of Louisiana Choice of Law Provisions
Pursuant to La.C.C. arts. 3515 and 3542, the issue of vicarious liability would be governed by the "law of the state whose policies would be most seriously impaired if its law were not applied to that issue."[9] The parties do not dispute Florida imposes vicarious liability upon the owner of a motor vehicle who voluntarily entrusts it to another. Under the common law "dangerous instrumentality" doctrine, an owner who gives authority to another to operate the owner's vehicle, by express or implied consent, has a non-delegable obligation to ensure the vehicle is operated properly. Hertz Corporation v. Jackson, 617 So.2d 1051, 1053 (Fla.1993).
In considering a conflicts of law issue involving Louisiana and Florida contacts, one Florida court explained the basic policy considerations fostered by the dangerous instrumentality doctrine as follows, in pertinent part:
The tort law of both Louisiana and Florida is concerned with protecting an injured plaintiff against monetary loss at the hands of a negligent defendant. The states differ, however, in the manner in which this protection will be accomplished. The basic policy underlying the Florida dangerous instrumentality doctrine is to place the responsibility for the negligent operation of an automobile squarely upon the owner who permitted its use. The policy of fixing such responsibility with certainty upon the owner, who may then obtain insurance against such potential liability, serves to better protect an injured plaintiff from being unable to recover from an insolvent defendant driver whose negligence caused the injury.
Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413, 417-418, n. 4 (Fla.App. 1st Dist. 1987) (citation omitted).
Based on the underlying policy considerations of this Florida doctrine, a Louisiana court may conclude Florida's policies would be most seriously impaired if its law is not applied to the issue of vicarious liability. There are factual contacts which would support the application of Florida substantive law to the issue of vicarious liability; the defendant driver is a Florida resident and a Florida resident leased the vehicle, which was registered in Florida. Additionally, if plaintiff establishes the rental transaction occurred in Florida, the policies and needs of the interstate system may support the application of Florida law to this issue. A rental agency would thereby be able to determine its risk of liability under the law of one state rather than having to determine the risk of liability under the laws of each state through which the vehicle travels. Further, if the rental transaction took place in Florida, a Louisiana court may determine the Florida participants in this transaction contemplated the rental agency would be vicariously liable in accordance with the law of Florida.[10]See Wal-Mart Stores v. Budget Rent-A-Car, 567 So.2d 918 (Fla.App. 1st Dist.1990), review denied, 581 So.2d 163 (Fla.1991).
*468 We do not believe the policies of deterring wrongful conduct and of repairing the consequences of injurious acts, referred to in La. C.C. art. 3542, would be further advanced by the application of Louisiana law rather than Florida law. Because a Louisiana resident allegedly suffered injuries in Louisiana, Louisiana law would probably be applied by either court to determine the negligence of Davis. Therefore, the application of Florida law to the vicarious liability issue would not impair the policies promoted by Louisiana of protecting its injured citizen.[11]

b. Application of Florida Choice of Law Provisions
Applying Florida choice of law provisions to the issue of vicarious liability, the rights and liabilities of the parties would be determined by the law of the state which has the most significant relationship to the occurrence and the parties. Section 146 specifically provides the local law of the state where the injury occurred governs in an action for personal injury unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties. The factors to be considered in making this determination, which are set forth in Section 6 and Section 145 of the Restatement are essentially the same factors addressed under La.C.C. arts. 3515 and 3542. (Compare Section 145 of the Restatement to La.C.C. art. 3542 and compare Section 6 of the Restatement to La.C.C. art. 3515.)
A Florida court applying Florida choice of law provisions to the facts of this case may ultimately decide the state of Florida has a more significant relationship to the occurrence and the parties with respect to the issue of vicarious liability based on essentially the same considerations used in applying La.C.C. arts. 3515 and 3542. However, since the injury in this case allegedly occurred in Louisiana, the defendants would benefit from the application of the Restatement provision which initially directs the court to apply Louisiana law, as the local law of the state where the injury occurred, unless the court determines the state of Florida has a more significant relationship to the rental transaction and the parties in the lawsuit. See State Farm Mutual Automobile Ins. Co. v. Olsen, 406 So.2d at 1110-1111; Wal-Mart Stores, Inc. v. Budget Rent-A-Car Systems, supra; Stallworth v. Hospitality Rentals, Inc., 515 So.2d at 415-418.
Based on the record before us, we find defendants have failed to establish the trial court's dismissal of plaintiff's suit without prejudice has resulted in the loss of any substantive right or a just defense. Defendants have not established a Florida court applying Florida choice of law provisions would be more likely to apply Florida substantive law in deciding the vicarious liability issue than would a Louisiana court applying Louisiana choice of law provisions. The considerations each state court would apply in determining whether Florida or Louisiana substantive law controls are essentially the same. Although there are some differences in the factors to be considered by each court under the respective choice of law provisions for each state, those differences do not operate to defendants' disadvantage; these differences do not direct the Florida court to apply Florida substantive law rather than Louisiana substantive law. Both the Louisiana and Florida courts use a process so similar in making the choice of law determination on this particular issue that both are likely to reach the same result in this instance.

4. Forum Shopping
Defendants oppose plaintiff's motion for voluntary dismissal without prejudice as a method of forum shopping. After examining the choice of law provisions of Louisiana and Florida, the trial court determined it was likely both states would apply Florida law to the issue of the lessor's liability, and found the plaintiff had not engaged in forum shopping. We certainly agree the practice of forum shopping is objectionable. Hebert v. Cournoyer Oldsmobile-Cadillac GMC, 419 So.2d 878, 881 (La.1982). However, based on the record before us, there is no abuse of *469 discretion in the trial court's determination that plaintiff was not engaged in forum shopping when he sought dismissal of this suit without prejudice.

IV. CONCLUSION
For the above reasons, we affirm the judgment of the trial court which granted plaintiff's motion to dismiss without prejudice. Costs of this appeal are to be paid by defendants-appellants, Peter W. Davis, Laura Ann Ross, Thrifty Rental Car System, Inc., Florida East Coast Leasing, Inc., Progressive Insurance Company, Inc., and Pentastar Transportation Group, Inc.
AFFIRMED.
PARRO, J., concurs.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
I believe under an application of either state's choice of law provisions, Louisiana substantive law probably would be applied to the negligence issue, and Florida law applied to the vicarious liability issue. Defendants did not prove they would lose any substantive rights or a just defense because the same laws would be applied by either state's court using either state's choice of law provisions. I do not believe the trial court's action was an abuse of discretion, which is the appropriate standard of review.
I respectfully concur.
NOTES
[1] In the answer, Thrifty is identified as Thirty Rental Car System, Inc., with the typewritten "ir" in "Thirty" having been marked over in handwriting with "rif", indicating the name should be Thrifty rather than Thirty.
[2] Our reference to the petition includes plaintiff's original and first supplemental and amending petition.
[3] All of the corporations named as defendants are foreign corporations. The record does not establish which, if any, of them are doing business in Louisiana or are authorized to do business in this state.
[4] Plaintiff also named other defendants which are not pertinent to this appeal.
[5] Ross had previously answered the suit in proper person on November 15, 1993, denying only some of the allegations of the petition.
[6] A copy of the complaint is attached to defendants' "Objection To Dismissal Without Prejudice." The complaint also names Montgomery Ward & Company, Inc. ("Montgomery Ward"), as a defendant, and alleges 1) Montgomery Ward is a foreign corporation authorized to do and doing business in the state of Florida, and 2) Thrifty, Florida Leasing, Montgomery Ward and/or Pentastar owned the automobile leased to Ross and Davis.
[7] In the complaint filed in Florida, plaintiff alleged the Dodge automobile was leased to Ross and Davis in Florida. A copy of the rental agreement allegedly executed by Thrifty, Ross and Davis, reflects a Jacksonville, Florida, address for Thrifty. In its written reasons for judgment, the trial court noted the lease agreement was executed in Florida. Defendants-appellants have not contested this conclusion.
[8] Defendants do not urge the principles of law governing a driver's negligence, i.e., the duty of care to be exercised on a Louisiana highway, are any different from Florida law.
[9] We note that La.C.C. art. 3544, pertaining to issues of loss distribution and financial protection, addresses which state's law governs "as between a person injured by an offense or quasi-offense and the person who caused the injury," and La.C.C. art. 3543 addresses which law governs issues pertaining to standards of conduct and safety. Since this appeal focuses on which law governs the issue of the vicarious liability of the owner(s) of the rental car rather than the issues of fault concerning the alleged tortious acts of the lessee and/or the driver of the rental car, these code articles are inapplicable and the more general principles stated in La.C.C. art. 3542 are applied.
[10] Although we recognize Florida may not have a particular interest in applying its dangerous instrumentality doctrine to protect a Louisiana plaintiff who is unable to recover from an insolvent defendant driver, we also recognize Florida may have an interest in the uniform application of this policy, thereby imposing liability on all automobile rental agencies engaged in business within the state.
[11] Although appellants and appellee cite the case of Piper v. Alamo Rent-A-Car, Inc., 567 So.2d 175 (La.App. 4th Cir.1990), in support of their respective positions, we do not consider this case to be controlling as it was decided prior to the enactment of Louisiana's new choice of law provisions.