746 So.2d 575 (1999)
Bobby Joe MURPHY, May Rine Murphy, and Kenneth Wayne Murphy, Appellants,
v.
James G. THORNTON, Brenda G. Thornton, and James Dustin Thornton, Appellees.
No. 98-2504.
District Court of Appeal of Florida, First District.
December 21, 1999.
Louis K. Rosenbloum, Pensacola, and James A. Hightower of Kerrigan, Estess, Rankin, McLeod & Hightower, Mobile, Attorneys for Appellants.
Michael P. Dickey and James B. Fensom of Barron, Redding, Hughes, Fite, Bassett, Fensom & Sanborn, P.A., Panama City, Attorneys for Appellees.
PER CURIAM.
This cause is before us on the trial court's order determining that Alabama law applies to the negligence action, and granting summary final judgment in favor of Appellees. We have jurisdiction. Fla. R.App. P. 9.030(b)(1)(A).
Appellant Kenneth Murphy (Kenneth) was injured while he, Appellee James Dustin Thornton (Dustin), and another friend were engaged in horseplay in Appellees' Florida condominium. All parties to the action reside in Alabama. Appellants filed a personal injury lawsuit in Florida based upon the negligence of the Thorntons, as owners of the premises, and Dustin, the son of the owners. Appellees sought a declaration that Alabama law, rather than Florida law, governs liability, and moved for summary judgment, alleging that under Alabama law, Kenneth's contributory negligence barred his recovery.
In actions for personal injury, the law of the state where the injury occurred *576 applies unless, with respect to the matter at issue in the litigation, another state has a more significant interest. Crowell v. Clay Hyder Trucking Lines, Inc., 700 So.2d 120, 123 (Fla. 2d DCA 1997)(citing Restatement (Second) Conflict of Laws § 145, 175 (1971), and State Farm Mut. Auto. Ins. Co. v. Olsen, 406 So.2d 1109 (Fla.1981)), rev. denied, 705 So.2d 569 (Fla. 1998).
The situs of injury is, under most circumstances, "the decisive consideration in determining the applicable choice of law." Bishop v. Florida Specialty Paint Co., 389 So.2d 999, 1001 (Fla.1980). Here, the injury and the conduct causing the injury occurred in Florida. We acknowledge and do not disagree with cases rejecting the law of the situs, where situs was a mere fortuity or happenstance. See, e.g., Bishop, supra (acknowledging situs of plane crash was sole contact with the state where injury occurred); Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413 (Fla. 1st DCA 1987)(holding that place of automobile accident and conduct causing injury had little significance to issue of vicarious liability); Krasnosky v. Meredith, 447 So.2d 232 (Fla. 1st DCA 1983)(applying Florida law where situs of automobile accident was only contact with Georgia), rev. denied, 446 So.2d 99 (Fla.1984); Proprietors Ins. Co. v. Valsecchi, 435 So.2d 290, 295 (Fla. 3d DCA 1983)(acknowledging situs of plane crash was only contact with forum state), rev. denied, 449 So.2d 265 (Fla.1984). In the instant case, the situs of the injury was more than mere fortuity, and is based on Appellees' ownership of the premises involved. Accordingly, we quash the trial court's order and remand the cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BARFIELD, C.J., BOOTH and WOLF, JJ., CONCUR.