863 So.2d 358 (2003)
Gabriel D. SIERRA, a minor, by and through his mother and next friend, Christina Duarte Sierra and Christina Duarte Sierra, individually, Appellants,
v.
A BETTERWAY RENT-A-CAR, INC., d/b/a Budget Rent-A-Car of Atlanta, a foreign corporation, Ahmad Shikhsajadieh a/k/a Ahmad Shsajadieh a/k/a Ahmad S. Sajadieh, individually, Juan F. Leon, Jr., and Betterway Leasing, L.L.C. d/b/a Budget Rent-A-Car of Atlanta, a foreign corporation, Appellees.
No. 3D02-2854.
District Court of Appeal of Florida, Third District.
November 19, 2003.
Rehearing Denied January 16, 2004.
*359 Kandell & Kandell; Ralph O. Anderson, Miami, for appellants.
Holland & Knight and Dominic C. MacKenzie, Jacksonville, for appellees.
Before COPE, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Gabriel D. Sierra, and his mother, Christina Duarte Sierra, appeal an order dismissing their fourth amended complaint for lack of personal jurisdiction over defendants A Betterway Rent-A-Car, Inc., d/b/a Budget Rent-A-Car of Atlanta ["Budget"], and A Betterway Leasing, L.L.C. ["Betterway"]. We reverse.
Gabriel was struck by a van while crossing a street on Miami Beach. The van was driven by Ahmad Shikhsajadieh. The driver rented the vehicle from Budget in Atlanta, Georgia. At the time of the rental, the driver informed Budget's personnel that he was going to Florida, and the rental form indicates the driver's local contact information as "FLA." Budget did not prohibit the driver from coming to Florida with the van. Gabriel and his mother sued Budget and Betterway[1] asserting that the vehicle was negligently driven, and asserting that defendants were vicariously liable, under the dangerous instrumentality doctrine, for the driver's negligence. The defendants filed a motion to dismiss the fourth amended complaint asserting lack of personal jurisdiction. In conjunction with the dismissal motion, defendants filed affidavits asserting that they do no business in Florida. Betterway's sole business is to lease the vehicles it owns to Budget. Budget asserts that its sole business is renting vehicles in Atlanta. The trial court granted the defendants' motion, and dismissed the complaint. Plaintiffs appeal.
We are not persuaded that the fourth amended complaint, and the discovery that followed, fail to allege sufficient facts to demonstrate that these defendants are amenable to the court's exercise of *360 personal jurisdiction. Our analysis of this issue must begin with the two-part test for long-arm jurisdiction enunciated in Venetian Salami v. Parthenais, 554 So.2d 499 (Fla.1989): Whether the "complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the [long-arm] statute[,]" section 48.193, Florida Statutes (2002); and whether defendant has sufficient minimum contacts with Florida to satisfy due process requirements. Venetian Salami, 554 So.2d at 502. Both parts of the test are satisfied in this case.
The facts in this case demonstrate that the defendants were aware that its vehicles were driven in Florida. Defendants did not discourage or prohibit its customers from driving in Florida. Moreover, there have been three accidents involving the defendants' vehicles in Florida. In addition, Budget advertises itself as part of a global system of rental agencies, available for worldwide rental arrangements; Betterway has not alleged ignorance of these representations. Budget knew that this particular van was being brought into Florida and did not prohibit the driver from coming here. When Budget rented the vehicle with no restrictions as to where it could be driven, it was reasonable to expect it could come to Florida, be involved in an accident here and Budget be haled into court here. See Lavender v. Northeast Transp., Ltd., 674 So.2d 157 (Fla. 5th DCA 1996)(New Hampshire car rental agency subject to personal jurisdiction in Florida when car leased for use anywhere in country collides with another vehicle in Florida).
The factual scenario in this case was addressed in Stevenson v. Brosdal, 813 So.2d 1046 (Fla. 4th DCA 2002). In Stevenson, a California resident loaned his car to his son and daughter-in-law to drive to Florida, where the couple resided. The daughter-in-law had an accident in Florida, while driving the vehicle. The victim sued the California owner. Based on these facts, the Fourth District held that personal jurisdiction over the non-Florida-resident defendant was proper because "consent to the operation of a vehicle in Florida constitutes sufficient contacts to support jurisdiction." 813 So.2d at 1047. This applies equally to the case before us. It is disingenuous for the defendants here to argue that they do not reasonably expect to be sued in Florida when they do nothing to discourage their clients from using defendants' vehicles in Florida, and the record shows a course of dealing in allowing the vehicles to come to Florida.
Defendants argue that under AVH Daily Rental Cars, Inc. v. Smith, 640 So.2d 168 (Fla. 1st DCA 1994), out-of-state car rental agencies lack sufficient minimum contacts to be required to appear in court in Florida. While that premise is correct under the facts in AVH, it is not correct with respect to the facts in this case. In AVH, Florida residents were involved in an accident in New Jersey while driving a vehicle rented in Delaware, that was to be returned to Delaware at the end of the rental period. These facts were insufficient to justify the exercise of personal jurisdiction in Florida. However, that is not the circumstance in the case before us. The defendants were aware that its car was brought to Florida, where it struck a Florida resident.
A factor that must be considered to determine whether sufficient minimum contacts exist to justify personal jurisdiction is the foreseeability that the defendant's conduct will result in suit in the forum state. Flight Int'l Aviation Training Ctr., Inc. v. Rivera, 651 So.2d 1265 (Fla. 1st DCA 1995). Certainly, the facts alleged here demonstrate the foreseeability that defendants' vehicles would be involved in accidents in this state, resulting *361 in lawsuits. Hence, the exercise of personal jurisdiction over defendants is proper, and the trial court erred in concluding otherwise.
Next, we address the trial court's conclusion that the plaintiffs' vicarious liability claim against the defendants is barred because Georgia law applies to this issue, and Georgia law does not have a dangerous instrumentality doctrine under which defendants would be liable for the driver's negligence. Contrary to the trial court's conclusion, Florida law applies to the issue of vicarious liability in this case.
Florida has adopted the significant relationship test for determining which state's law applies to a tort action. Restatement (Second) of Conflict of Laws § 145 (1971); State Farm Mut. Auto. Ins. v. Olsen, 406 So.2d 1109 (Fla.1981); Bishop v. Fla. Specialty Paint Co., 389 So.2d 999 (Fla.1980). "In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship... to the occurrence and the parties...." Restatement (Second) of Conflict of Laws § 146 (1971). Under section 145(2), the significant relationship test, we must consider four factors: the place of injury and the place where the conduct causing the injury occurredin this case, Florida; and the place of business of the parties and where the relationship of the parties is centeredin this case, Georgia. From this cursory examination, it would appear the factors are at equipoise. However, despite defendants' protestations to the contrary, its activities are not isolated to Georgia. Defendants rent cars that can be driven into any state of the nation. As Georgia's neighbor, it's not unexpected that its cars are driven into our state. Budget is part of a nationwide chain of car rental companies that promotes itself as a global rental agency. Budget was aware that its cars were driven into Florida, and, more importantly, it was aware that the car that struck the plaintiff was being brought into Florida. Under these circumstances, "[t]here is nothing unfair or disruptive of interstate relations in holding a vehicle owner who leases its car in one state liable for its lessee's negligent driving in another. Florida's interest in protecting its citizens supports applying Florida law." Brown v. Nat'l Car Rental Sys., Inc., 707 So.2d 394 (Fla. 3d DCA 1998). Moreover, the place where the rental agreement is entered into is not the most significant factor in deciding this issue, and that is not the holding in Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413 (Fla. 1st DCA 1987). Stallworth applies Florida law to a vicarious liability issue in a case where injury and conduct occurred in Louisiana but the plaintiffs were Florida residents, suing a Florida rental agency where the car was issued and was to be returned to Florida. Stallworth found that the mere happenstance that a car crosses state lines on a trip doesn't alter the law to be applied. In our case, however, the trip was directed at Florida, and the rental transaction was directed at Florida.[2] Although Georgia may have an interest in protecting its corporations from liability, this interest is outweighed by the consideration of the other factors in the test.
Additionally, under Restatement (Second) of Conflict of Laws, section 174 comment a (1971), the imposition of vicarious liability is reasonable in this case: the defendants provided the driver with the *362 vehicle and permitted its use in Florida; and there is a reasonable relationship between the defendants and Floridadefendants hold out their vehicles for rental and these vehicles are used in Florida on many occasions. This relationship affords a "fair and reasonable basis for the imposition of such liability." Restatement (2d) of Conflict of Laws § 174 cmt. b (1971). To the extent that this holding may be in conflict with Stallworth and Deemer, we certify conflict with those cases.
While in some cases, "[o]ther factors may combine to outweigh the place of injury as a controlling consideration," Bishop, 389 So.2d at 1001, a consideration of the contacts to be taken into account under the significant relationship test leads us to conclude that the appropriate law to be applied in this case is Florida law.
Based on the foregoing, we reverse the order dismissing the fourth amended complaint, and remand for reinstatement thereof.
Reversed and remanded.
NOTES
[1] The order on appeal does not address the other defendants involved in the lawsuit.
[2] Deemer v. Budget Rent-A-Car Systems, 704 So.2d 133 (Fla. 1st DCA 1997) applied Stallworth and concluded that the law of the State where the rental transaction takes place applies to determine vicarious liability.