704 So.2d 133 (1997)
Carole DEEMER, Donald Deemer, her husband and Beth Deemer, their daughter, Appellants,
v.
BUDGET RENT-A-CAR SYSTEMS, INC., a foreign corp., Appellee.
No. 96-4398.
District Court of Appeal of Florida, First District.
October 21, 1997.
Arnold R. Ginsberg of Ginsberg & Schwartz and Gaebe, Murphy, Mullen & Antonelli, Miami, for Appellants.
Gail Leverett Parenti of Parenti, Falk & Waas, P.A., Coral Gables, for Appellee.
*134 PER CURIAM.
In this appeal from a final summary judgment, appellant challenges the trial court's ruling that under the significant relationships test, Texas law rather than Florida law applies with regard to the issue of vicarious liability.
Appellants, plaintiffs below, are residents of Texas. They were injured in a single automobile accident in Madison County, Florida, in a van that had been rented in Texas, was registered and licensed in Texas, and was to be returned to Texas. The accident occurred on the return trip to Texas following a seminar held in Florida. Appellee, Budget, is a Delaware corporation with its principal place of business in Illinois.
In Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413 (Fla. 1st DCA 1987), in determining the most significant relationship regarding the issue of vicarious liability was with Florida, the court noted that "[o]bviously, the first two contacts, where the injury occurred and where the conduct causing the injury occurred," were in Louisiana, but:
[u]nquestionably, the most important contact with respect to Hospitality's vicarious liability to this Florida passenger is the significant relationship the state of Florida has to this rental transaction involving one of Hospitality's automobiles, as the following facts show: The rental transaction took place in Florida between Florida residents pursuant to a rental agreement made and to be performed in Florida; Hospitality rented a vehicle which it owned, registered, and licensed in Florida and insured by a policy in compliance with Florida law; the rental agreement stipulated that the vehicle was to be returned to Hospitality in Florida; it was contemplated that the rented vehicle was to transport the authorized driver, ... and his passenger, ... to New Orleans and back, a trip which required the car to pass through the states of Alabama, Mississippi, and Louisiana.
The court was unwilling to hold "that each time the rented car crossed the several state lines on the contemplated trip, the legal rule governing Hospitality's vicarious liability to Florida occupants of the car would change in accordance with the local law of the state the automobile happened to be in at that particular moment."
In this case, the pertinent issue is also vicarious liability and the applicability of the dangerous instrumentality doctrine. While the injuries and the conduct causing the injuries occurred in Florida, the rental transaction took place in Texas; Budget rented a vehicle registered and licensed in Texas; and the vehicle was to be returned to Texas. The facts with regard to the rental agreement in the instant case are virtually the same as of those in Stallworth, except in relation to Texas rather than to Florida. We are unable to distinguish this case from Stallworth, and therefore affirm.
BOOTH, JOANOS and WOLF, JJ., concur.