707 So.2d 394 (1998)
Vera May BROWN, Appellant,
v.
NATIONAL CAR RENTAL SYSTEM, INC., Appellee.
No. 97-2135.
District Court of Appeal of Florida, Third District.
March 4, 1998.
*395 Lawrence & Daniels and Adam H. Lawrence, Miami; Thomas P. Feola, Miami, for appellant.
Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Laura S. Douglas, Fort Lauderdale and Mark C. DiCarolis, Deerfield Beach, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GREEN, JJ.
NESBITT, Judge.
A Florida resident accident victim, arguing a car rental company's vicarious liability, appeals a trial court's order dismissing her claim upon finding that Georgia law controlled her case and did not provide for vicarious liability under the dangerous instrumentality doctrine.[1] We reverse.
Wayne Martin, a New Jersey resident, leased a car from the Georgia office of National Car Rental Systems, Inc., a Minnesota corporation doing business nationally. Martin was required to return the car to that office. The only geographic limitation on the use of the car was that it could not be driven in Mexico. The car was registered in Florida and bore Florida license plates. Martin loaned the car to Carl Fanfair, a Georgia resident who, while driving in Florida, hit and injured the plaintiff, Vera Mae Brown, a Florida resident.
In an affirmative defense to Brown's complaint, National alleged that because the car was rented in Georgia, National's vicarious liability as owner of the car was governed by Georgia law, which provides no equivalent to our dangerous instrumentality doctrine. Brown moved to strike the defense and alleged that Florida law applied. On the above stated, agreed-upon facts, the court ruled that Georgia law applied to the issue of vicarious liability and National could not be held vicariously liable for Fanfair's negligent driving.
Because there are no disputed facts, and this case involves solely an application of the law, we are in as good a position as the trial judge to decide how to apply the law to the instant factual scenario. See Mansell v. State, 609 So.2d 679 (Fla. 1st DCA 1992) (holding that as to the correction of an erroneous application of law a nondeferential standard of review applies). We conclude that under the Significant Relationships Test, Florida law should have been held to apply to the instant question and plaintiff's claim against National should not have been dismissed.
In Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla.1980), the supreme court held:
Instead of clinging to the traditional lex loci delicti rule, we now adopt the "significant relationships test" as set forth in the Restatement (Second) of Conflict of Laws ss 145-146 (1971):
s 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in s 6.

*396 (2) Contacts to be taken into account in applying the principles of s 6 to determine the law applicable to an issue include: (a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
s 146. Personal Injuries
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in s 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
The conflicts theory set out in the Restatement does not reject the "place of injury" rule completely. The state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law. Indeed, the rationale for a strict lex loci delicti rule is also reflected in the same Restatement's section 6, where "certainty, predictability and uniformity of result," and "ease in the determination and application of the law to be applied" are cited as major factors in determining the proper choice of law. In contrast to the inflexible place of injury rule, however, the Restatement rule recognizes that the state where the injury occurred may have little actual significance for the cause of action. Other factors may combine to outweigh the place of injury as a controlling consideration, making the determination of applicable law a less mechanical, and more rational, process.
Bishop, 389 So.2d at 1001. (Footnote omitted.)
Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413 (Fla. 1st DCA 1987) further identified the appropriate analysis, concluding that the Significant Relationships Test does not require a court to evaluate contacts with a view to determine which state's local law should be applied to all issues in a case as whole; rather, contacts must be evaluated with respect to particular legal issue under consideration.
Here a tort occurred in Florida, injuring a Florida citizen, involving a vehicle owned by a company doing business in Florida, and promoting itself as a car rental company to use when visiting Florida. The car was registered in Florida, and it bore Florida license plates.
Additionally, those considerations enumerated in section 6 of the Restatement (Second) of Conflict of Laws[2] lead us to the application of Florida law. There is nothing unfair or disruptive of interstate relations in holding a vehicle owner who leases its car in one state liable for its lessee's negligent driving in another. Florida's interest in protecting its citizens supports applying Florida law. Since National is not a Georgia corporation, Georgia has no interest in protecting National from liability under Florida law. Georgia resident, driver Fanfair, is best protected by permitting a remedy against National. Application of Florida law is consistent with Florida's policy of protecting members of our public from losses resulting from ownership and operation of motor vehicles. See Insurance Co. of North America v. Avis Rent-A-Car Sys., 348 So.2d 1149 (Fla.1977). Furthermore, relying on the above stated analysis, *397 we find nothing incongruous in our decision today and those cases cited by National, including Deemer v. Budget Rent-A-Car Systems, Inc., 704 So.2d 133 (Fla. 1st DCA 1997)[3] and Stallworth[4]Deemer applied Texas law to an accident involving a Texas car injuring Texas residents. Stallworth applied Florida law where the accident involved a Florida driver and a Florida car and the injured passenger was a Floridian. However we caution that there is no short cut to determining the choice of law issue, and each unique scenario requires application of all the principles outlined in Bishop.
In sum we conclude that the trial court erred in deciding that Georgia law rather than Florida law controlled the resolution of the instant controversy. Accordingly, we reverse the order under review and remand for further proceedings consistent with the statements made herein.
NOTES
[1] Under the dangerous instrumentality doctrine, "one who authorizes and permits an instrumentality that is peculiarly dangerous in its operation to be used by another on the public highway, is liable in damages for injuries to third persons caused by the negligent operation of such instrumentality on the highway by one so authorized by the owner." Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363, 1364 (Fla.1990)(quoting Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 468, 86 So. 629, 638 (Fla. 1920)).
[2] The Restatement (Second) of Conflict of Laws lists the following factors as important choice of law considerations in all areas of law:

(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
Restatement (Second) of Conflict of Laws § 6 (1971).
[3] In Deemer, the court held that Texas law, rather than Florida law, applied to issues of vicarious liability and applicability of the dangerous instrumentality doctrine in an action brought against an automobile rental company by Texas residents, who had rented a vehicle which was registered and licensed in Texas in order to travel to a seminar in Florida, and who were injured in a single-vehicle accident which occurred in Florida while they were on their return trip.
[4] In Stallworth, the court held that the law of Florida, not Louisiana, applied to the issue of whether a rental car company was vicariously liable to a passenger for injuries she sustained in a car accident involving a driver of a rental car under Florida's dangerous instrumentality doctrine, even though the accident occurred in Louisiana, where the individual for whom the car was rented and the injured passenger were both Florida residents, the rental transaction for vehicle owned, registered and licensed in Florida took place in Florida, and the rental agreement stipulated that vehicle was to be returned to rental car company in Florida.